## WILSON v. BLANKS.

Opinion delivered June 27, 1910.

1. IMPROVEMENT DISTRICTS—PURPOSE—AREA.—Improvement districts may be created in a city or town for the purpose of constructing waterworks or for the purpose of supplying electric lights, and such districts may embrace the entire area of the city or town. (Page 498.)

2. SAME—DISTRICT COMBINING TWO IMPROVEMENTS.—Where two improve-
ments cover the entire territory of a city or town, and can be
made by one improvement district as effectively as by two, and
without prejudice to the rights of any of the property owners, there
is no reason why they may not be combined and made in such
manner. (Page 499.)

3. SAME—PRESUMPTION.—In a suit to enforce an assessment of an
improvement district the presumption is that the district was law-
fully created. (Page 500.)

Appeal from Ashley Chancery Court; *Zachariah T. Wood,*
Chancellor; affirmed.

Appellant, *pro se.*

Only one improvement can be embraced in an ordinance
authorizing the making of assessments. Hamilton on Ass., §
393; 2 Page & Jones on Tax. by Ass., § 790; 66 Cal. 313; 4
Pac. 31; 52 Neb. 345; 72 N. W. 218; 61 Ill. 142; 11 Phila. 447.

*George & Butler* and *Rose, Hemingway, Cantrell & Lough-
borough,* for appellee.

The ordinance was valid.   75 Ill. 21; 46 Mich. 150; 59
Pa. St. 455; 180 Mass. 274; 62 N. E. 397; 187 Mass. 451; 73
N. E. 554; 81 Wis. 326; 51 N. W. 566; 216 Ill. 331; 74 N. E.
1044; 28 Wash. 639; 69 Pac. 393; 162 Ill. 113; 38 N. E. 750;
130 Ill. 566; 22 N. E. 624; 123 Ill. 871; 14 N. E. 871; 96 Ga.
670; 23 S. E. 900; 29 Ind. App. 147; 53 N. E. 1071; 138 Cal.
52; 70 Pac. 1023; 213 Pa. 236; 62 Atl. 848; 36 O. St. 288; 47
Minn. 406; 50 N. W. 476.

BATTLE, J.   On the 17th day of May, 1910, W. L. Blanks,
J. H. Schaefer and D. E. Watson, Commissioners of Water and
Light District No. 2 in the town of Hamburg, filed a complaint
in Ashley Chancery Court, and therein alleged:

"Plaintiffs say that they are the Commissioners of Water
& Light District No. 2 in the town of Hamburg, Arkansas,
a district duly organized under the laws of this State, embodied
in sections 5664 to 5742 of Kirby's Digest, and the statutes amend-
atory thereof; that said district was duly organized for the
purpose of supplying the inhabitants of the territory embraced
therein with water and electric lights as provided in said act,
and the town council of the said town of Hamburg has duly
levied its assessments for the making of said improvement. That

the defendant is the owner of the following real estate in said town and within, the limits of said district, towit: Lot No. 2 in block No. 13 in the town of Hamburg, Arkansas, and that the amount of the assessment levied against said property aforesaid is $7.50. The said assessment has long been overdue, and the defendant refuses to pay the same.

"Wherefore plaintiffs pray for a decree for the foreclosure of the lien of said assessment; that the property aforesaid be sold, and the proceeds applied to the satisfaction of said lien, and for all other proper relief."

The defendants answered and denied that the district was duly organized, and alleged that it was illegal because it embraces "two entirely distinct and separate improvements."

The plaintiffs amended their complaint by alleging "that said improvements are combined for purposes of economy, and that their combination is to the advantage of the property owners of the district, since in this way one plant, which is operated by day for water purposes and by night for electric lights, will supply all the requirements and be greatly to the advantage of the consumers, in that the total cost of the improvements will not exceed twenty per centum of the value of the real property in the said district as shown by the last county assessment."

The defendants demurred to the complaint as amended, and plaintiffs demurred to the answer.

The court overruled the defendant's demurrer, and sustained the plaintiffs, and, the defendants declining to plead further, rendered judgment in favor of plaintiffs, and the defendants appealed.

The Constitution of this State provides: "Nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assessments on real property for local improvements in towns and cities under such regulations as may be prescribed by law, to be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected." Const. 1874, art. 19, § 27.

Section 5665 of Kirby's Digest, as amended, provides: "When any ten owners of real property in any such city or incorporated town, or of any portion thereof, shall petition the city or town council to take steps toward the making of any

such local improvement, it shall be the duty of the council to at once lay off the whole city or town, if the whole of the desired improvement be general and local·in its nature to said city or town, or the portion thereof mentioned in the petition, if it be limited to a part of said city or town only, into one or more improvement districts," etc.

Section 5667 of the same Digest provides: "If, within three months after the publication of any such ordinance, a majority in value of the owners of real property within such district adjoining the locality to be affected shall present to the council a petition praying that such improvement be made, which petition shall designate the nature of the improvement to be undertaken, and that the cost thereof be assessed and charged upon the real property situated within such district or districts, the city council shall at once appoint three persons, owners of real property therein, who shall compose a board of improvement for the district."

Section 5675 of Kirby's Digest provides: "In the case of the construction of water works or gas or electric light works by any improvement district or districts, the city or town·council, after such works are constructed, shall have full power and authority to operate and maintain the same, instead of the improvement district commissioners, and said city or town council may supply water and light to private consumers, and make and collect uniform charges for such service, and apply the income thereof to the payment of operating expenses and maintenance of such works."

· In *Crane* v. *Siloam Springs,* 67 Ark. 30, it was held that improvement districts can be created under these statutes for the purpose of constructing waterworks, and that such district might embrace the entire area of a city or town. It is equally certain that improvement districts can be created by the same authority for the purpose of supplying a city or town with electric lights. Can one district be created for both purposes? The statutes do not expressly prohibit the creation of one district for the purpose of making two local improvements. Their object is to secure the improvements upon the terms and conditions prescribed by the statutes. If the two improvements cover the same territory, and can be made as fully and effectually and in the same manner, and without prejudice to the rights of any

of the property owners under the statutes, by one as they can be by two districts, we see no valid reason why they should not be combined and made in such manner. In such way they can be treated as one improvement, and as such made in the manner prescribed by the statutes. And this may especially be done when, so combined, they can be constructed and maintained by one district at a much less cost than they can be otherwise, as in this case. When, however, one district can not be used to make two improvements in the manner indicated, it would seem to be unauthorized by the statutes, and one district should be created for making each improvement, and in case of doubt is preferable.

Further than is shown by the pleadings, we are not advised as to how the "Water and Electric Light District Number 2 of the town of Hamburg" was created or how it will serve to answer the purpose of making the two improvements for which it was created, or whether it can serve for both purposes. But the presumption is it was lawfully created. Section 5691 of Kirby's Digest is as follows: "The board (on refusal of any property owner to pay his assessment) shall straightway cause a complaint in equity to be filed in the court having jurisdiction of suits for the enforcement of liens upon real property, for the condemnation and sale of such delinquent property, for payment of said assessment, penalty and costs of suits, in which complaint it shall not be necessary to state more than the fact of the assessment and nonpayment thereof within the time required by law, without any further statement or any steps required to be taken by the council, or the board, or any officer whatever, concluding with a prayer that the delinquent property be charged with the amount of such assessment, penalty and costs, and be condemned and sold for the payment thereof." That has been substantially done in this case. The defendants, answering, did not attack the district in question, except to say that it "embraces two entirely distinct and separate improvements." The presumption is the district was created in a lawful manner, and is legal. *Kansas City, Pittsburg & Gulf Railway Company* v. *Waterworks Improvement District No. 1 of Siloam Springs,* 68 Ark. 376, 378; *Whipple* v. *Tuxworth,* 81 Ark. 391, 403.

Decree affirmed.