BATEMAN *v.* BOARD OF COMMISSIONERS OF IMPROVEMENT DISTRICT NO. 1 OF CLARENDON.

Opinion delivered February 12, 1912.

1. MUNICIPAL CORPORATIONS—IMPROVEMENTS—LIMITATION OF COST.—Under Kirby's Digest, section 5683, providing that no single improvement shall be undertaken which shall exceed in cost 20 per centum of the value of the real property in the district as shown by the last county assessment, interest to accrue on bonds issued to defray the expense of construction is, within the meaning of the statute, to be included as a part of the cost of the improvement. (Page 307.)

2. COURTS—DECISIONS—RULES OF PROPERTY.—A decision that interest to accrue on bonds issued for the cost of an improvement must be included in estimating the cost thereof, within Kirby's Digest, section

5683, limiting the cost of a single improvement to 20 per cent. of the assessed value of the real property of the district, is a rule of property, and should not be disturbed. (Page 308.)

3. MUNICIPAL CORPORATIONS—MAKING TWO IMPROVEMENTS IN ONE DISTRICT.—When two improvements cover the same territory and can be made as effectually by one as by two districts, one district may be created to make both improvements, but the cost thereof must be limited to the amount specified in Kirby's Digest, section 5683. (Page 308.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; reversed.

*H. B. Bateman,* pro se.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

McCULLOCH, C. J. An improvement district has been duly formed in the city of Clarendon, Arkansas, for the purpose of constructing a system of waterworks and sewerage, and appellant, a citizen and owner of real property in said district, instituted this action in the chancery court against the board of improvement to restrain the latter from entering into a contract for the construction of said improvement at a cost in excess of 20 per centum of the value of real property in the district and from issuing bonds in excess of said amount. The chancery court sustained a demurrer to appellant's complaint. It is alleged in the complaint that the board of improvement will, unless restrained from so doing, enter into a contract for making such improvement and issue bonds for the full amount of the cost thereof, and that the interest on the bonds will make the cost of the improvement exceed 20 per centum of the assessed value of real property in the district.

The statute regulating improvement districts in cities and towns provides among other things, that "no single improvement shall be undertaken which alone will exceed in cost 20 per centum of the value of the real property in such district as shown by the last county assessment." Kirby's Digest, § 5683.

The question presented is, whether interest to accrue on bonds issued to defray the expense of construction, is within the meaning of the statute, to be included as a part of the cost of the improvement. This court has already decided the question in the affirmative. *Fitzgerald* v. *Walker,* 55 Ark. 148.

It is insisted, however, by learned counsel for appellee that

the case cited above has been overruled by the recent case of *Webster* v. *Ferguson*, 95 Ark. 575. We do not think so. The question of cost of improvement in excess of the statutory limitation did not arise in the latter case. The question there was, whether the statement, in the petition of the property owners, which limited the cost of improvement to a certain amount, included interest, and we held that the statement of the amount referred to actual cost of improvement exclusive of interest.

It is next contended that the decision in *Fitzgerald* v. *Walker*, *supra*, is wrong, and that it should be overruled. This question was directly raised in that case, and the court decided it after what appears from the opinion to have been a very careful consideration. We see no reason, therefore, for overruling it. Besides, it should be treated as a rule of property, and on that account, if for no other, it should not be changed except by the Legislature. Many improvement districts have been organized in this State since that time, and many of them are now in existence with outstanding interest-bearing indebtedness. Property owners who signed petitions for improvement may have done so in reliance on the decision of this court that assessments could not lawfully be levied in excess of twenty per centum of the value of the real property in such district as shown by the last county assessment. At any rate, they had the right to rely on that decision, and are presumed to have done so, and for that reason the decision is a rule of property and should not be disturbed.

Again, it is contended that, though only one district was formed, it was for the purpose of making two improvements, and that each constitutes a distinct improvement which may, under the statute, be constructed at a cost of twenty per centum of the value of real property in the district. It is true that we have held that one district may, under some circumstances, be formed for the purpose of making two improvements. The two improvements must, however, be treated as one for the purpose of including them in one district. That is clearly the meaning of the opinion in the case wherein we passed upon that question. *Wilson* v. *Blanks*, 95 Ark. 496. Judge BATTLE, speaking for the court, said:

"If the two improvements cover the same territory, and can be made as fully and effectually and in the same manner,

and without prejudice to the rights of any of the property owners under the statutes, by one as they can be by two districts we see no valid reason why they should not be combined and made in such manner. In such way they can be treated as one improvement, and as such made in the manner prescribed by the statutes. * * * When, however, one district can not be used to make two improvements in the manner indicated, it would seem to be unauthorized by the statutes, and one district should be created for making each improvement, and in case of doubt is preferable."

When property owners elect to include two improvements in the formation of a district they must treat them as a single improvement and limit the cost to the amount specified in the statute. No machinery is provided for levying separate assessments in a single district for more than one improvement.

It follows that the chancery court erred in sustaining the demurrer to the complaint. Reversed and remanded with directions to overrule the demurrer.