### MILLER et al. v. HAMILTON et al.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1916.)

No. 4474.

1. MUNICIPAL CORPORATIONS ☞950—BONDS FOR PUBLIC IMPROVEMENT—PLEDGE OF FUTURE ASSESSMENTS.

Under Kirby's Dig. Ark. § 5683, which provides that no single improvement shall be undertaken by a sewer district which alone will exceed in cost 20 per cent. of the value of real property in the district as shown by the last county assessment, and section 5720, which authorized the board of improvement of a district in order to hasten the work to borrow money and pledge all uncollected assessments for the repayment there-

of, where a district has issued bonds for the construction of a sewer system which together with the interest paid and to accrue thereon and the expense of collecting future assessments exceeds 20 per cent. of the assessed value of the real property in the district, its officers have no power to divert any part of such assessments made for the improvement to the payment of claims other than the bonds.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 902–910; Dec. Dig. ☞950.]

2. MUNICIPAL CORPORATIONS ☞950—BONDS—"PLEDGE" OF ASSESSMENTS FOR PUBLIC IMPROVEMENT.

In a statute authorizing a municipal corporation to issue bonds for a public improvement and to pledge assessments to be made therefor for their payment, the word "pledge" is not used in a technical sense so as to create a lien which may be enforced in equity, but is nevertheless effective to prevent a diversion of the assessments when collected to any other purpose.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 902–910; Dec. Dig. ☞950.

For other definitions, see Words and Phrases, First and Second Series, Pledge.]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Mandamus at law by J. F. Hamilton and others against Max D. Miller and others. Judgment for plaintiffs, and defendants bring error. Reversed.

S. H. Mann, of Forrest City, Ark., and H. F. Roleson, of Marianna, Ark., for plaintiffs in error.

Jacob Fink, John I. Moore, J. M. Vineyard, and W. R. Satterfield, all of Helena, Ark., for defendants in error.

Before SANBORN and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. Defendants in error, hereafter called plaintiffs, brought this proceeding in mandamus against the plaintiffs in error, hereafter called the defendants, to compel the assessment and levy of certain taxes for the purpose of paying a judgment which the plaintiffs had obtained against the board of improvement of sewer district No. 1, in the city of Marianna, Ark. Judgment was rendered in favor of the plaintiffs, and defendants sued out a writ of error to review that judgment. The judgment was rendered on the pleadings, and we will endeavor to state the facts as they appear therefrom.

Plaintiffs on the 28th day of January, 1901, entered into a written contract with the defendants as the board of improvement of sewer district No. 1 of Marianna, Ark., wherein the plaintiffs contracted for the sum of $15,650 to do certain work and furnish all the materials, tools, and labor necessary to complete an unfinished and abandoned contract for the construction of a system of sewers in and for said sewer improvement district No. 1, according to certain plans and specifications. Plaintiffs fully complied with their part of the contract and completed the work according to the terms and requirements thereof, and demanded of the defendants the balance due therefor in the sum of $5,539.01, which demand was refused. Thereupon the

plaintiffs on the 28th day of September, 1912, brought their action against the board of improvement of sewer district No. 1, as aforesaid, in the United States District Court for the Eastern District of Arkansas, and such proceedings were had therein that on March 11, 1913, the plaintiffs recovered judgment against the board of improvement for $4,684.46, which, with costs and interest on January 27, 1915, amounted to $5,319.27. Demand for payment of said judgment has been made and payment refused. There are no funds in the hands of the treasurer of said sewer district No. 1 with which to pay said judgment or any part thereof. On the 1st day of July, 1906, the commissioners of said sewer district issued bonds in the sum of $23,400, for the sum of $1,000 each except No. 1, which was for the sum of $1,400 payable the 1st day of July, 1936, except the first seven bonds which were payable July 1, 1921, 1922, 1923, 1924, 1925, 1926, and 1927, and bearing interest at the rate of 6 per centum per annum, payable semiannually on the 1st day of January and July of each year. None of said bonds have been paid, and all are outstanding valid obligations of said sewer district, payable to bearer, and all held by various persons none of whom are parties to this action.

[1] The defendants have already expended the sum of $28,899.34 in the construction of sewers in said district, and have paid in interest on the bonds the sum of $12,698.75; the interest still to accrue on said bonds will amount to the sum of $29,557.50; the expense of collecting future assessments will amount to the sum of $2,169.72. The amount of the assessed valuation of the real estate in said sewer district No. 1 on January 3, 1906, at the time of the organization of said district according to the assessment as equalized for state and county purposes for the year 1905, is $337,550, 20 per cent. of which is $67,-510. The funds arising from the proceeds of the bonds were used to satisfy contracts for the construction of the sewer improvement, executed prior to the contract with plaintiffs. The bonds issued by sewer improvement district No. 1 on their face and by their tenor pledged the uncollected assessments of the district for their payment. The alternative writ prayed that defendants who were named in the petition for the writ should be compelled to make a new assessment on lands within the sewer district for the purpose of paying the judgment. This relief was not granted by the trial court, presumably for the reason that the limit of expenditures authorized by law, to wit, 20 per cent. of the assessed value of the real estate within the district, had already been reached and no new assessment could be made. But the trial court did award a peremptory writ of mandamus compelling the board of commissioners of sewer district No. 1 to draw their warrant upon the treasurer of said district, payable to the order of plaintiffs or their attorneys of record in the sum of $4,684.46, with interest at 6 per cent. from March 11, 1913, and all costs expended in this action; and further commanded the treasurer to pay said warrant out of the first moneys coming into his hands as the treasurer of said district. It is objected that the judgment below was erroneous for the reason that it was not responsive to the petition. We pass this question, as we are satisfied from the facts stated that the court below erred in

issuing the peremptory writ of mandamus to the board of commissioners and the treasurer of the district. We have arrived at this conclusion on consideration of the laws of Arkansas which relate to the raising of money for the improvement of sewer districts.

Section 5683, Kirby's Digest of the Statutes of Arkansas, provides:

"No single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment."

Section 5720 of the same digest provides that the board of improvement in order to hasten the work may borrow money and pledge all uncollected assessments for the repayment thereof. The powers of the board of improvement are derived directly from the Legislature, and in exercising their powers the board acts as the agent of the property owners. Fitzgerald v. Walker, 55 Ark. 148, 17 S. W. 702. The Supreme Court of Arkansas has decided that no assessment could be made against the real property of any improvement district for any single improvement in excess of 20 per centum of the assessed value. Morrilton Waterworks Improvement District v. Earl, 71 Ark. 4, 69 S. W. 577, 71 S. W. 666; Lenon v. Brodie, 81 Ark. 219, 98 S. W. 979; Webster v. Ferguson, 95 Ark. 575, 130 S. W. 513.

It therefore appears that there are two facts established by the record which would prevent any relief in this action in favor of the plaintiffs. The first is that the expenditures already paid and incurred by sewer district No. 1 exceed 20 per centum of the assessed valuation of the real estate in the district. This is shown by the following statement:

| | |
|---|---:|
| Expenditures | $28,899.34 |
| Interest paid on bonds | 12,698.75 |
| Interest to be paid on bonds | 29,557.50 |
| Expense in collecting future assessments | 2,169.72 |
| | $73,325.31 |
| Assessed valuation $337,550, 20 per cent. of this amount would be | 67,510.00 |
| Excess | $ 5,815.31 |

The interest on the bonds is a part of the cost of the improvement. Fitzgerald v. Walker, supra; Bateman v. Board of Commissioners, 102 Ark. 306, 143 S. W. 1062. This state of the case would prevent any new assessment.

The plaintiffs, however, claim that they are entitled to have their judgment paid from uncollected assessments which they claim to be as follows:

| | |
|---|---:|
| Expenditures paid | $28,899.34 |
| Interest paid | 12,698.75 |
| Total | $41,598.09 |
| Twenty per cent. of amount of assessment | $67,510.00 |
| Less | 41,598.09 |
| Uncollected assessments | $25,911.91 |

[2] This claim is based upon the contention that the attempt of the board of improvement to pledge the uncollected assessments for the payment of the principal and interest of the bonds was invalid for the reason that the uncollected assessments, being incapable of delivery, could not be pledged. The case of Street Grading District No. 60 v. Hagadorn, 186 Fed. 451, 108 C. C. A. 429, is cited for the purpose of showing that this court has decided that these uncollected assessments could not be pledged for the payment of bonds and interest in a case like the one at bar.

The case cited was brought in equity by Hagadorn, a holder of bonds similar to those issued by sewer district No. 1, for the purpose of having a receiver appointed to collect certain unpaid assessments and to enforce the pledge of the same for the payment of the bonds. It was objected that the complainants had an adequate remedy at law. The court sustained this objection and enforced the rule that the powers of a court of equity cannot be made use of to assess and levy taxes. For the purpose of maintaining the suit in equity, the complainant contended that the bondholders had a lien upon the uncollected assessments which a court of equity had jurisdiction to enforce. In reply to this contention, the court held that the language of the Legislature of Arkansas, in providing that the uncollected assessments might be pledged for the payment of the bonds, used the word "pledge" in a colloquial and not in a technical sense, and decided there was no lien; but the court did not intend to hold that the sewer improvement district could not pledge or hypothecate the uncollected assessments for the payment of the bonds and interest in face of the statute which expressly permitted it to do so, and in this case we have no doubt but that under the statute the board of improvement could pledge in the sense that word is used in the statute, and according to the record did pledge the uncollected assessments for the payment of the bonds and interest. This is frequently done where railroads' mortgage their income for the payment of bonds. It has been held by this and other courts that taxes assessed for the purpose of paying bonds and interest cannot be diverted to any other purpose, but must be sacredly kept for the purpose for which they were assessed and levied. Brooke v. City of Philadelphia, 162 Pa. 123, 29 Atl. 387, 24 L. R. A. 781; Vickrey v. Sioux City (C. C.) 104 Fed. 164; Farson et al. v. Sioux City et al. (C. C.) 106 Fed. 278; Jewell v. City of Superior, 135 Fed. 19, 67 C. C. A. 623; Olmsted v. City of Superior et al. (C. C.) 155 Fed. 172. It is elementary in the law of mandamus that the writ carries no power; that is, a board or officer cannot be compelled to do by mandamus that which he could not do without it.

We therefore are of the opinion that the trial court erred in awarding a peremptory writ, and that the judgment below must be reversed, and the case remanded, with instructions to grant a new trial.

And it is so ordered.