### In re ROGERS.

(District Court, D. Massachusetts. March 28, 1923.)

No. 28187.

1. **Chattel mortgages ⚒➙6—Contract held one of sale and not of security.**

Claimant purchased from bankrupt, a wholesale dealer, certain accounts receivable under a contract, pursuant to which assignments were made which covered also any securities held for the accounts and title to any merchandise sold, on which the accounts were based, which should be undelivered, rejected, or returned. *Held*, that such contract was one of sale and not one to secure an indebtedness of bankrupt, and was not required to be recorded by Gen. Laws Mass. c. 255, § 1.

2. **Bankruptcy ⚒➙140(1)—Contract held to vest title to merchandise in purchaser as between the parties.**

Claimant purchased from bankrupt, a wholesale dealer, certain accounts receivable for goods sold, the contract and assignments made pursuant thereto, providing that they should operate to transfer to purchaser title to goods so sold which should be returned, with the right in seller to resell the same, but only as purchaser's agent. *Held*, that under such contract, as between the parties, title to goods so returned was vested in the purchaser, though possession remained in bankrupt.

In Bankruptcy. In the matter of Joseph L. Rogers, bankrupt. On review of order of referee denying petition of the Industrial Finance Company to reclaim proceeds of property sold. Reversed and remanded for further hearing.

Harold Williams, Jr., of Boston, Mass., for petitioner.

Martin Witte, of Boston, Mass., for trustee.

BREWSTER, District Judge. This is a petition to review action of the referee denying the petition of the Industrial Finance Company for an order directing the trustee in bankruptcy to turn over to the petitioner moneys held by him representing proceeds of the sale of certain merchandise. The case was heard by the referee upon the allegations set forth in the petition for reclamation, supplemented by the agreements and assignments therein referred to, which the parties appeared to have treated as part of the record. Upon these facts the referee came to the conclusion that the petitioner was not entitled to prevail. I am unable to agree with this conclusion.

[1] The trustee received upon his appointment and qualification certain merchandise which was set apart and marked in the name of the Industrial Finance Company. This merchandise was sold by the trustee under an agreement with the petitioner, whereby it was agreed that the sale should in no way prejudice the petitioner's rights. It appears that the Industrial Finance Company purchased certain accounts receivable of the bankrupt and took assignments of these accounts, which assignments provided for the transfer of all the right, title, and interest in and to not only the choses in action specified in the assignments, but also in and to "any securities or guaranties appertaining thereto, together with the right of stoppage in transit and title to the merchandise represented thereby in case the same is undelivered, returned, rejected,

⚒➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rerouted or reconsigned, including the right to any new account or property created through resale or exchange, and any moneys or avails owing by reason thereof or in respect thereto." These assignments were executed and delivered by the bankrupt under and pursuant to the terms of a written contract entered into between the petitioner and the bankrupt, which instrument provided that:

"Should the goods be undelivered, rejected, re-routed, reconsigned, stopped in transit. or resold, the title to said property and the right to any new account created thereby shall be and remain in the corporation."

Merchandise represented by some of the accounts purchased and paid for was rejected and returned to the bankrupt, a part before and a part after the filing of the involuntary petition in bankruptcy on October 27, 1920. On December 15, 1920, the Industrial Finance Company set aside in its own name all the merchandise then in possession of the receivers of said bankrupt estate, and thereafter the receivers set apart in the name of the Finance Company the balance of the rejected merchandise as and when it came into their possession.

The trustee disputes the right of the petitioner on the ground that the instruments of transfer, while absolute in form, were really given as security for indebtedness and were not recorded as required by the statutes of Massachusetts relating to bills of sale given for security (Gen. Laws, c. 255, § 1), and·on the further ground that there has been no delivery, actual or constructive, sufficient to pass title to the merchandise. The contract and the assignments given pursuant to its terms constitute in my opinion outright sales of accounts receivable, with warranties on the part of the seller and provisions for deferred payment of purchase price to be paid by the purchaser. On the record there are no facts which·justify the conclusion that the bankrupt borrowed any money from the petitioner or gave any evidences of indebtedness to secure which the accounts were assigned. It follows, therefore, that the laws of Massachusetts did not require the recording of either the contract or the assignments; nor can I find upon the record that the petitioner is estopped from asserting his title by reason of his conduct in allowing the rejected merchandise to remain in the possession of the bankrupt. It may be that after further hearing facts will be adduced which would warrant the application of the rule of estoppel or secret lien, but upon the allegations of the petition I am unable to see wherein the petitioner did anything or refrained from doing anything that would estop it from asserting its rights under the assignments.

[2] A more difficult question is whether on the allegations it can be held that the title to the merchandise passed from the bankrupt to the petitioner by the execution and delivery of the assignments. The bankrupt had sold and delivered the goods represented by the receivables to his customer. Whatever title he might thereafter acquire by the exercise of his right of stoppage in transit, or by a rescission of the sale and a return of the goods, he had undertaken to transfer and assign to the petitioner.

The contracts under which the assignments were given contained the following provision:

"Subject to revocation at any time in the discretion of the corporation, the seller shall have the privilege itself of collecting the accounts so sold or of reselling for the account of the corporation the property so sold at not less than the value set up by the seller, but in either case as agent only of the corporation, incapable of acting in the premises otherwise than as a fiduciary may, provided that what is received from the debtors in payment or from the purchaser as price shall be on the same day received or transmitted to the corporation as above provided, in exactly the form as the same shall have been received; but if the seller shall default in any warranty herein given or in covenant by it herein made, then this privilege shall terminate."

Under these circumstances I take it that as between the bankrupt and the petitioner title to the returned goods would pass by virtue of the assignments. Gen. Laws, c. 106, §§ 20, 21. See Isaac v. Macdonald, 214 Mass. 487, 102 N. E. 81.

It is, however, well-established law in Massachusetts that as to subsequent attaching creditors no title passes by delivery of an instrument of transfer, such as a bill of sale, without actual or symbolical delivery of the merchandise covered by the instrument of transfer. Dempsey v. Gardner, 127 Mass. 381, 34 Am. Rep. 389; Clark v. Williams, 190 Mass. 219, 76 N. E. 723; In re Waite–Robbins Motor Co. (D. C.) 192 Fed. 47, 27 Am. Bankr. Rep. 541. But title may pass to the petitioner if the bankrupt was holding the rejected and returned merchandise as bailee, agent, or trustee for the petitioner. The facts alleged are insufficient to enable the court to determine whether the possession of the bankrupt was in fact and in law the possession of the petitioner.

Section 47a of the Bankruptcy Act (Comp. St. § 9631) invests the trustee with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable process thereon. This statute has been held to apply only to the rights of creditors actually holding a lien by legal process. In re Gay & Sturgis (D. C.) 251 Fed. 420; Bailey v. Baker Ice & Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275. If it should appear that there was no creditor holding a lien by legal process at the time of the filing of the petition in bankruptcy, then the trustee would acquire no greater rights in the merchandise than the bankrupt then had. There are no allegations in the petition respecting such liens, and no presumption can be made either for or against the petitioner in that regard.

I do not believe the rights of the parties can be determined upon the allegations of the petition and the contracts without the consideration of further evidence. Obviously the petitioner would not be entitled to any merchandise not actually covered by the assignments. Further findings will be necessary in order to determine the rights of the parties in this respect.

The order of the referee is reversed and the case remanded to the referee for further hearing and findings not inconsistent with this opinion.