## In re ROGERS.

(District Court, D. Massachusetts. January 31, 1924.)

### No. 28187.

Bankruptcy ⊚=140(1)—Effect of return of merchandise represented by accounts, as between assignee of accounts and trustee, stated.

Assignee of accounts receivable, under contract giving assignee title to merchandise represented by accounts returned to assignor, was not entitled, as against assignor's trustee in bankruptcy, to goods returned prior to bankruptcy, mingled in general stock, under Bankruptcy Act, §§ 47a, 70a (Comp. St. §§ 9631, 9654), but was entitled to goods returned subsequent to bankruptcy notwithstanding failure to prove that goods returned were identical goods sold, where goods returned were the exact equivalent in quantity, style, and description of goods sold in the absence of a showing of dishonest practices on part of customer.

In Bankruptcy. In the matter of Joseph L. Rogers, bankrupt. On petition of the Industrial Finance Company for proceeds of merchandise sold by trustee. Order for petitioner.

⊚=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harold Williams, Jr., of Boston, Mass., for Industrial Finance Co.
Martin Witte, of Boston, Mass., for trustee.

BREWSTER, District Judge. This case was first presented for consideration on the petition of the Industrial Finance Company, together with certain agreements and assignments therein referred to, which, for the purposes of the case, constituted the record.

In its petition the Industrial Finance Company sets forth a claim to certain funds in the hands of the trustee, the proceeds of merchandise which the trustee had sold under a stipulation with the petitioner. Referee Olmstead denied the petition. The order of the referee was reversed and the case remanded for further hearings and findings. See In re Rogers, 288 Fed. 140. Further hearings have been had by Referee Black, who has certified, and I find, the following pertinent facts:

The bankrupt, in the course of his business in selling at wholesale sweaters and other knit goods, assigned to the Industrial Finance Company certain accounts due him from customers. Certain of the accounts thus assigned by the bankrupt to the Finance Company were canceled or reduced in amount by the return of the goods by various customers. The goods thus returned were mingled by the bankrupt in his general stock and their identity lost. It is impossible to ascertain whether the identical goods represented by the accounts were in the bankrupt's possession at the time of bankruptcy, or were the same goods sold by the trustee pursuant to said stipulation. After proceedings in bankruptcy had been instituted and receivers appointed, the Industrial Finance Company, with the permission of the receivers, set aside from the bankrupt stock goods which compared exactly in quantity and description and style number with those which had been thus returned to the bankrupt. Other goods from customers whose accounts had been assigned by the bankrupt to the Finance Company were returned subsequent to the receivership. These goods were not mingled with other merchandise, but were set aside, marked, and held by the receivers. The goods thus set aside were sold by the trustee under the stipulation with the petitioner, and it is the proceeds of this sale that the petitioner seeks to reach.

The proceeds of the goods returned prior to bankruptcy amounted to $2,079.16. Proceeds from the goods returned subsequent to bankruptcy amounted to $640.87. At the time of the filing of the petition in bankruptcy all the property of Rogers was subject to an attachment in a suit brought in the state court by a creditor.

In my earlier opinion (In re Rogers, 288 Fed. 140) I considered the legal effect of the assignments and the contract pursuant to which they were executed. I held that the transaction amounted to an outright assignment of accounts receivable, with an attempt to invest the Finance Company with title to whatever of the merchandise represented by said accounts was returned to the bankrupt by his customers.

The question is now presented: Did the petitioner have a title in the returned goods which would be good as against a trustee in bankruptcy?

As I understand it, the contention of the petitioner respecting the goods returned prior to bankruptcy is that, while there may have been

no actual delivery of the merchandise to the Industrial Finance Company, the delivery of the merchandise to the customer and the redelivery by the customer to the bankrupt, who had agreed to hold and resell such merchandise as the agent or fiduciary only of the Industrial Finance Company, constitutes a good delivery as against subsequent attaching creditors.

To this view I am unable to subscribe. The Finance Company purchased a chose in action, not merchandise, and the delivery of the merchandise to the customer was not a delivery to the agent or bailee of either the seller or buyer.

The documents in this case cannot be regarded as evidence of title which the bankrupt had in the merchandise sold, for if the sale had not have rescinded he would have parted with his title to the customer.

If the goods had been accepted by the customer, the Finance Company would have had no grounds for claiming title to the merchandise. We do not have here a case where the seller attempts to transfer title to goods not in his possession by transfer of the documents evidencing the title, as was the case in First National Bank of Green Bay v. John B. Dearborn, 115 Mass. 219, 15 Am. Rep. 92. Taking the aspect of the case most favorable to the Finance Company, the documents, so far as they operate upon the title to the merchandise, amounted to no more than bills of sale of goods which the bankrupt might or might not thereafter acquire, depending upon the action of the customer.

These documents, as I have already held in my earlier decision above referred to, would be sufficient to entitle the Finance Company to any goods represented by the assigned accounts which were returned and in the possession of the bankrupt, providing the rights of third parties had not intervened. It now appears that, before any attempt to take possession was made by the Finance Company, a creditor had obtained a lien by attachment upon the merchandise in the possession of the bankrupt. This lien is preserved for the benefit of the bankrupt estate. Rock Island Plow Co. v. Reardon, 222 U. S. 354, 32 Sup. Ct. 164, 56 L. Ed. 231.

In Massachusetts a delivery, actual or symbolical, is necessary to pass title to personal property as against creditors. Dempsey v. Gardner, 127 Mass. 381, 34 Am. Rep. 389; In re Waite-Robbins Motor Co. (D. C.) 192 Fed. 47, 27 Am. Bankr. R. 541. Clearly, on these cases, if the bankrupt had given the Finance Company a bill of sale of certain merchandise and retained possession of it, mingling it with his other merchandise and exercising all his apparent rights of ownership, the buyer could not with success assert superior rights to the merchandise retained and in the possession of the bankrupt at the time of his adjudication. Collier on Bankruptcy (13th Ed.) p. 1669; Matter of Ricketts, 234 Fed. 285, 37 Am. Bankr. R. 124. The facts certified do not disclose such a delivery as will satisfy the requirements of the Massachusetts law.

Moreover, the agreement between the bankrupt and the Finance Company, not only contemplated a return of the goods to the bankrupt by the customer, but it gave to the bankrupt an unrestricted right to sell the same, accounting to the Finance Company for the proceeds. In

many jurisdictions such an arrangement is held to create a secret lien, which will be deemed invalid as against a trustee in bankruptcy. In re Galt (D. C.) 120 Fed. 443, 9 Am. Bankr. R. 682; Miller Rubber Co. v. Citizens' Trust & Savings Bank, 233 Fed. 488, 147 C. C. A. 338, 37 Am. Bankr. R. 542; Collier on Bankruptcy (13th Ed.) p. 714.

The case at bar is distinguishable from In re Livingston & Turk, 205 Fed. 364, 125 C. C. A. 582, 30 Am. Bankr. R. 531, where the court had to deal with assignments of accounts plus title to returned goods, and where a contrary result was reached, because there, in the majority opinion, it is clearly pointed out that, if the "bankers knowingly permitted the returned goods to remain in the possession and under the control of the bankrupts and thus enabled them to get false credit or to commit frauds the bankers would not be entitled to the relief demanded" (reclamation of goods). The court there found that there was no proof to sustain such a contention; moreover, in that case it does not appear that the property was subject to a lien of attaching creditors.

At the time of the filing of the petition against the bankrupt, he could have transferred the returned merchandise in his possession, or it might have been levied upon and sold under judicial process against him. The trustee, therefore, by virtue of sections 47a and 70a of the Bankruptcy Act (Comp. St. §§ 9631, 9654), has the better title to the proceeds of the goods returned to bankrupt prior to the filing of the petition.

I find and rule, therefore, that the petitioner is not entitled to reclaim the proceeds of the goods returned prior to the bankruptcy proceedings, amounting to $2,079.16.

Respecting the goods which were returned subsequent to bankruptcy proceedings, a different situation is presented. The trustee in bankruptcy under section 70a of the Bankruptcy Act is vested with the title of the bankrupt, as of the date when he was adjudged a bankrupt, to all property which *prior to the filing of the petition* he could by any means have transferred or which might have been levied upon and sold under judicial process against him. At the date of the filing of the petition the bankrupt could not have transferred any right, title, and interest in the goods then in the possession of the customer, nor could such goods have been levied upon and sold under judicial process against him. These goods had been delivered by the bankrupt to the customer, and the bankrupt's right to receive the purchase price had been assigned to the Finance Company. This left nothing, either in the merchandise or in the accounts, which the bankrupt could have transferred at the time the petition was filed. Therefore as to these goods the trustee cannot be held to have acquired any title under the Bankruptcy Act. Whatever title to the merchandise the bankrupt ever acquired would be after-acquired property, and as assignee of the bankrupt's rights in this after-acquired property the petitioner would be entitled to receive the proceeds. These goods were never treated as the property of the bankrupt estate. The action of the parties respecting them is entirely consistent with the petitioner's claim of ownership.

It appears from the referee's certificate that he is unable to find that the goods returned by the customer were the identical goods sold by the bankrupt and represented by the accounts receivable. He finds, how-

ever, that the goods returned were the exact equivalent in quantity, style, and description of the goods sold, and as the goods were set apart upon their return there is no trouble in identifying the goods as those returned from the customer. Unless the customer indulged in dishonest practices, and returned goods which he had no right to return, it would be a fair inference, from all the facts in the case, that the goods were those whose sale created the assigned account. In the absence of evidence tending to show such dishonest conduct, the law will not presume it. On the contrary, if any presumption is to be invoked, it would be a presumption of regularity, and this would only tend to fortify the claim of the petitioner.

I find and rule that the petitioner, therefore, is entitled to recover from funds now in the hands of the trustee the sum of $640.87.