## McCoy v. Holman.

### Opinion delivered April 11, 1927.

1. IMPROVEMENT DISTRICT—SEVERAL IMPROVEMENTS.—Under Acts 1923, p. 538, § 1, amending Acts 1923, p. 87, § 1, providing for creation of improvement districts for building street car lines, waterworks, gas and electric lines, the county court is empowered to organize a district to construct several such improvements without regard to the connection or relation of the improvements to each other.

2. IMPROVEMENT DISTRICTS—SINGLE IMPROVEMENT. — Where the county court creates an improvement district for the purpose of constructing lines connecting with water, gas and electric light systems within an adjoining city, the three improvements, though distinct in character, are to be treated as one improvement for the purpose of including them in one district.

3. IMPROVEMENT DISTRICTS—SEVERAL IMPROVEMENTS WITH SINGLE ASSESSMENT.—Where an improvement district is organized to connect an outlying district with the waterworks system and the gas and electric lines within an adjoining city, each improvement is part of an entire improvement, which can be provided without necessity for a separate assessment of benefits for each part of the improvement, though distinct parts confer benefits of different kinds on property.

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This suit brought by appellant challenges the validity of an improvement district created by the Pulaski County Court out of territory adjacent to the city of Little Rock, under the provisions of act 126 of the Acts of 1923, as amended by act No. 645 of the 1923 session of the General Assembly.

Appellant, an owner of real property and a taxpayer within the district, instituted this action in the chancery court against the board of improvement to restrain and enjoin it from proceeding with the construction of the improvement authorized. The complaint alleges that the district was created by order of the Pulaski County Court September 7, 1926, for the purpose of "laying a complete system of main and lateral water-pipes connecting with the waterworks system serving the city of Little Rock, and for the purpose of laying a complete system of gas-pipes connecting with the gas system of the city of Little Rock, and for the purpose of building a system of electric lines for light and power connecting with the lines or systems serving the city of Little Rock. Said water, gas, electric light and power systems to be so located in said district, built in such manner and with such materials as the commissioners of the district may deem for the best interest of the property owners, and to extend beyond the borders of the district, if desirable or necessary." That this order creating said district combined three improvements, separate and distinct in type, and that the property owners cannot ascertain from the assessment of benefits the amount assessed for each separate improvement. That the county court was authorized to only create a district for making one improvement, was without authority to make the order complained of, and alleged it to be invalid on that account.

It alleged further that the board had made plans for the construction of said improvements, and that there had been made and filed by the assessors an assessment of benefits on the real property located within the bounds

of the district, which, it was alleged, was void because it makes but a single assessment upon the property for the construction of the three distinct improvements.

It alleged also that the assessment of benefits constituted a cloud upon appellant's title to the property in the district, and prayed that the district be declared invalid, the assessment of benefits against the property therein null and void, and that the board be perpetually enjoined from issuing bonds and proceeding with the construction of the improvement.

Appellees admitted the allegations in paragraphs 1 and 2 of the complaint, that the order of the county court combined three types of improvements, which are distinct, and that the property owners cannot ascertain from the assessment of benefits the amount of benefits assessed for each separate improvement, and denied that only one unit of improvement or separate improvement should have been included in the court order, that the county court was without authority to make the order, and that the district was invalid.

The answer alleged further that the three types of improvements set out in the order of the county court covered identically the same territory. That the district created by the said order is composed of lots and blocks joining one to the other, and is a complete unit, and that the three improvements provided for in the order can be made as fully and effectively in the same manner and without prejudice to any of the property owners of the one district as could have been done by the organization of three separate districts.

General demurrers were interposed to the complaint and answer, and the court sustained the demurrer to the complaint, overruled the demurrer to the answer, and plaintiff, electing to stand upon his complaint, declined to plead further, and the complaint was dismissed for want of equity, from which judgment this appeal is prosecuted.

*S. L. White,* for appellant.

*L. P. Biggs,* for appellee.

Kirby, J., (after stating the facts). Appellant contends that a local improvement must consist of a single unit and that the county court was without power to organize a district for the construction of three separate and distinct improvements. The statute under which the district was organized provides: "Upon the petition of a majority in value of the owners of real property in any territory adjacent to a city having a population of more than ten thousand inhabitants, as shown by the last Federal census, it shall be the duty of the county court to lay off into an improvement district the territory described in the petition, for the purpose of building street-car lines, waterworks or water pipes, systems of gas-pipe lines, electric lines for light and power, or sewers, * * * or for more than one of said purposes," etc. Section 1, act 645, Acts of 1923.

The court's order establishing the district reads:

"Laying a complete system of main and lateral water-pipes connecting with the waterworks system serving the city of Little Rock; and for the purpose of laying a complete system of gas-pipes connecting with the gas system of the city of Little Rock; and for the purpose of building a system of electric lines for light and power connecting with the lines or systems serving the city of Little Rock. Said water, gas, electric light and power systems to be so located in said district," etc.

It was the evident purpose, as plainly expressed in the statute, to empower the county court to lay off and organize such improvement districts for the purpose of constructing any one or more of the improvements designated. This might include the construction of several of said improvements, any three or more of them, and without regard to the connection or relation of either improvement to the other, so far as the power of the county court to establish the district is concerned.

In *Wilson* v. *Blanks,* 95 Ark. 496, 130 S. W. 517, the court held, under statutes authorizing the creation of districts for construction of improvements in cities and towns, that one district could be created for the purpose

of making two local improvements, waterworks and electric light systems. Answering the question, Can one district be created for both purposes? the court said: "The statutes do not expressly prohibit the creation of one district for the purpose of making two local improvements. Their object is to secure the improvements upon the terms and conditions prescribed by the statutes. If the two improvements cover the same territory, and can be made as fully and effectually and in the same manner, and without prejudice to the rights of any of the property owners under the statutes by one as they can be by two districts, we see no valid reason why they should not be combined and made in such manner."

The two improvements must be treated as one, of course, for the purpose of including them in one district, a single improvement or construction, and made in the manner indicated and under the requirements of the statute as to the limiting of cost. *Bateman* v. *Bd. of Commissioners*, 102 Ark. 307, 143 S. W. 1062.

In *Bank of Commerce* v. *Huddleston*, 172 Ark. 999, 291 S. W. 422, the court held that improvement districts embracing the entire area of the city or town may be created for the purpose of constructing waterworks and electric lights, and could accept contributions from the city in order to enable it to construct the improvements within the limit of cost provided for by statute.

In the instant case each of these separate improvements are but a combination and parts of an entire improvement which can be provided in the organization of one district and without necessity for or regard to a separate assessment of benefits for each one of the parts of said improvements, even though the distinct parts of the improvement confer benefits of different kinds upon the property of the district. They each alike confer similar and identical benefits on the property in the district, and there is no good reason why they might not be constructed more economically and to the advantage of the property owners of the district by one board as a combined and single improvement, than by three boards of

commissioners constructing one such improvement for the same territory under three separate improvement districts.

There are no other contentions made as to the invalidity of the district, which is presumed to be lawfully created. No error was committed by the chancery court, and its decree is affirmed.