Searcy Federal Savings & Loan Association *v.*
City of Searcy.

5-44                                    253 S. W. 2d 211

Opinion delivered December 15, 1952.

*C. E. Yingling* and *C. E. Yingling, Jr.,* for appellant.
*Culbert L. Pearce,* for appellee.

Robinson, Justice. In the City of Searcy there are several improvement districts which have accomplished the purpose for which they were organized years ago, and all of the bonds have been paid. These districts have on deposit unexpended funds in various amounts with the Searcy Federal Savings & Loan Association, the Security Bank and the Searcy Bank. The City Council of Searcy passed an ordinance creating what is known as Consolidated Street Improvement District of the City of Searcy. The ordinance attempts to give the consolidated district authority to take over and use for the repair of the city streets the above mentioned surplus funds. Subsequent to the organization of the consolidated district, the commissioners thereof filed suit, asking that the loan association and the banks be required to turn over to the consolidated district the funds on deposit. Street Improvement District No. 6 intervened. A demurrer was filed to the complaint and overruled, and the loan association, the banks and the intervener have appealed.

The complaint alleged: the creation of the Consolidated Street Improvement District of the City of Searcy by Ordinance No. 338; that during the period from 1926 to 1930 several local districts were created within the

corporate limits of Searcy for the purpose of paving and curbing certain streets; that after the districts had paid all indebtedness and obligations, they had surplus funds which were on deposit with the loan company and the banks. It is further alleged that commissioners of the various districts have ceased to exercise control over the improvements made and have left the burden of maintaining said improvements to the City of Searcy; that the State Highway Department contributed certain moneys to Improvement District No. 6. There is a prayer for an order directing the appellants, the loan association and banks, to deliver the funds, assets and records of the said districts to the commissioners of the consolidated district.

Ark. Stats., § 20-136, authorizes certain improvement districts, "which at the time of their organization had boundaries, co-extensive with the city," to wind up their affairs in a prescribed manner by turning certain assets over to the city; but here there is no allegation that any of the districts involved are co-extensive with the city. Nor does it appear to be compulsory that the district wind up its affairs in that manner. Also, Ark. Stats., § 20-236, provides as follows: "Hereafter, in any municipality in this State in which there has been more than one paving district receiving aid from the State under what is commonly referred to as the Municipal Bond Retirement Fund, in the event any of said districts, upon payment in full of all of the outstanding bonds against such district, has a surplus remaining in the treasury of the district, the city council of the municipality in which said districts are located may, by ordinance or resolution, transfer the balance in said paid-out district and place it in the treasury of such district or districts which still have outstanding bonds to be retired, and the money so transferred shall be used in the payment of bonds as they mature. It is the intention of this act [section] to specifically authorize the transfer of surplus moneys from paid-out districts to be used for the payment of bonds to become due in other paving districts where all of said districts have at one time qualified and received aid from the State of Arkansas."

In the case at bar there is no allegation that the newly formed consolidated district, which seeks to obtain the funds from the other districts, intends to use the money in payment of bonds. In fact, the consolidated district has no outstanding bonds: on the contrary, it is stated in the complaint that the consolidated district proposes to use the money for repair work.

Appellees cite *Wilson* v. *Blanks,* 95 Ark. 496, 130 S. W. 517, to the effect that two improvement districts which cover the entire territory of a town may be consolidated. On this point appellees also cite *Bateman* v. *Board of Commissioners,* 102 Ark. 306, 143 S. W. 1062, and *McCoy* v. *Holman,* 173 Ark. 592, 292 S. W. 999. These cases have no application here since the improvements were completed long ago, and there is no allegation that the districts involved cover the same territory.

The demurrer should have been sustained. The issue here is governed by the case of *Paving District No. 5* v. *Fernandez,* 142 Ark. 21, 217 S. W. 795. There is no act of the Legislature which authorizes the use of funds of improvement districts as is here attempted by appellees. In the Fernandez case this court said: ''The majority of the court are of the opinion that the special act of the General Assembly is unconstitutional, as authorizing a diversion of funds collected for one purpose to be appropriated to another use, as an improvement district organized to construct streets has no authority to use funds collected for that purpose to thereafter appropriate any portion thereof for purposes of repair and the special act did not confer that authority because it was not based upon the consent of the taxpayers of the city, as required by the Constitution. In other words, to create an improvement district for the purpose of building or repairing streets in a city, the consent of the taxpayers must first be obtained in the manner provided by law and the authority conferred by the original petition under which the district was formed could not be subsequently enlarged by legislative enactment to which the taxpayers had not consented.''

Reversed with directions to sustain the demurrer.