THE CITY OF SEARCY, et al. v. HEADLEE, et al.

5-290                                          262 S. W. 2d 288

Opinion delivered November 30, 1953.

720

*Culbert L. Pearce*, for appellant.

*J. E. Lightle, Jr.*, and *Yingling & Yingling*, for appellee.

MINOR W. MILLWEE, Justice. Appellees are property owners in Street Improvement District No. 6 of Searcy, Arkansas. They brought this suit to require the district and its depositories to distribute and refund to appellees, and other property owners of the district, a surplus fund which remained after the purpose for which the district had been organized was accomplished and all its bonds, interest and other indebtedness had been paid. State Highway No. 67 traverses the paving district and state aid has been extended to the district at various times.

The appellant, City of Searcy, filed an intervention and answer in the suit alleging that under Act 310 of 1953 the city was entitled to an order directing the commissioners to turn over said surplus funds to it to be used for repairing the paved streets of the district. Appellees filed a demurrer and motion to dismiss the intervention and answer on the grounds (1) that the city would be an improper party to appear for the state

of Arkansas and (2) that the matters raised by the city were *res judicata* under the decision in *Searcy Federal Savings and Loan Ass'n* v. *City of Searcy*, 221 Ark. 360, 253 S. W. 2d 211. After the appointment of a master to make an accounting and a determination of the amounts to be refunded to the property owners of the district, the chancellor entered an order on April 13, 1953, dismissing the intervention and answer and holding that the City of Searcy had no title or interest in said surplus funds but that such funds belonged, and should be distributed to, the property owners of the district.

This appeal is from an order entered June 8, 1953, in which the trial court overruled appellant's motion to set aside the order of April 13, 1953, adopted the report of the master and held that Act 310 of 1953 is unconstitutional insofar as the same could be applied to the instant case.

It is agreed that the facts set forth in the master's report are true. This report shows that the state aid funds and the monies collected from the taxpayers of the district had been commingled and each had lost its separate identity. The report further showed surplus funds on deposit to the credit of the district on June 8, 1953, in the sum of $8,561.81; and that state aid funds which now constitute any part of the remaining surplus are negligible, since only $76.91 remained in the hands of the commissioners on October 7, 1944, and all funds paid the district by the State of Arkansas were paid prior to that date. Hence the surplus involved here is made up almost entirely, if not altogether, of monies collected from the tax paying property owners of the district.

Section 1 of Act 310 of 1953 recites: "In instances where state aid has been extended to paving and other special improvement districts within cities and incorporated towns, and all bonds and other obligations of such districts have been retired, or money set aside with the paying agents in amounts sufficient to provide for their retirement, then all moneys and other assets in the hands of the Commissioners of such districts, or in

the hands of the paying agents, in amounts exceeding the full debt service requirements of such bonds and other obligations, shall be paid over to the respective treasurers of such cities and incorporated towns for credit to the street fund, there to be used for the repair and maintenance of its streets . . ."

Article 19, § 27, of the Constitution of Arkansas, requires the consent of a majority in value of the owners of real property to the imposition of assessments for local improvements in municipalities.

Amendment 13 to the Constitution, authorizing cities to issue bonds for construction of streets etc., provides that "no money raised under the provisions of this amendment by taxation or by sale of bonds for a specific purpose shall ever be used for any other or different purpose." In *Paving District No. 5* v. *Fernandez,* 142 Ark. 21, 217 S. W. 795, an act of the Legislature authorizing the use of surplus funds of a paving district collected for the purpose of constructing a pavement to be used for the purpose of making repairs without the consent of the taxpayers of the district was held unconstitutional as attempting to authorize a diversion of funds collected for one purpose to be appropriated to another use. In *City of Stuttgart* v. *McCuing,* 218 Ark. 34, 234 S. W. 2d 209, we held that surplus funds in excess of the money necessary to retire the bonds and complete the work for which the funds were collected under Amendment 13 belonged to the taxpayers and that the city had no authority to divert said funds to some other purpose. See also, *Street Improvement District No. 419* v. *Lewis,* 216 Ark. 595, 226 S. W. 2d 813.

It is noted that Act 310 of 1953 does not limit its application to funds derived from state aid. It is unnecessary to determine here whether it would, if so limited, be constitutional. Under our decisions, it is clearly unconstitutional as applied to funds collected in the form of tax assessments from the property owners of the district, such as are involved here. Neither the city nor the Legislature has authority to divert such

funds to another purpose without the consent of the property owners in violation of the Constitution. It follows that the chancellor correctly held said act unconstitutional insofar as it is applicable in the instant case. The decree is accordingly affirmed.