PAGE *v.* HIGHWAY 10, WATER PIPE LINE IMPROVEMENT DISTRICT No. 1.

4-6260                                    145 S. W. 2d 344

Opinion delivered December 9, 1940.

*Philip McNemer,* for appellants.

*Edwin E. Dunaway* and *Rose, Loughborough, Dobyns & House,* for appellees.

MEHAFFY, J. This action was instituted by the appellants against Highway 10 Water Pipe Line Improvement District No. 1 and others in the Pulaski chancery court.

Appellants allege in their complaint that on September 30, 1940, by order of the Pulaski county court, an improvement district was created pursuant to the provisions of Act 126 of the Acts of 1923. A copy of the order was attached to the complaint. Appellants allege that defendants, Leo H. Griffin, Edward Q. Keightley, and Vernon Morehart are the commissioners of the district; that the appellants were owners of property located within the district, and that the order creating the district was void because the boundaries are arbitrarily fixed; that all property adjoining the highway is included, but in many instances lots are not included which in fact are nearer to the pipe line than lots which are included; that there is a substantial amount of unplatted property within the boundaries of the district, and parts of this unplatted property are so far removed from the place where the pipe line is to be laid that they cannot connect therewith except at an excessive and unreasonable cost. A plat of the district is attached, and also attached is a copy of the contract entered into between the water department of the City of Little Rock and the commissioners of the improvement district.

Answer was filed by the appellees admitting that the boundaries of the district are not uniform, but alleging that the unplatted property had to be included in some instances in order that it might be determined whether a majority had signed the petition. They deny that the con-

tract with the water department of the City of Little Rock is illegal, and allege that such a contract is permissible under Act 126 of the Acts of 1923, and they allege that the contract will result in great advantage to all property owners within the boundaries of the district.

The chancery court found that the boundaries were not arbitrarily fixed, and that the contract referred to is in all respects legal, and dismissed appellants' complaint.

The order of the court creating the improvement district and a plat or blue-print of the district and the plans for improvement were all introduced in evidence.

Marion L. Crist, engineer for the Little Rock Municipal Water Works, testified that he was familiar with the territory and furnished some of the specifications and plans for laying the pipe-line; is familiar with the contract between the improvement district and the water department, and this contract is introduced in evidence.

Leo H. Griffin, one of the commissioners of the improvement district, also testified and introduced the plat, and said that the boundary lines of the district are irregular because the acreage property is put on the tax books in units, and if only a part is included in the boundaries, there is no way in which to determine the assessed value of the part within the district; that the plan of the commissioners is to take care of the inequalities in distances by equitable assessments on the property; that he is familiar with the contract and thought it very advantageous to the property owners, and that he had no doubt but that 50% of the gross revenues over a period of 15 years will be more than sufficient to refund the payment which is to be made by the district; the petitions contain in value 98 per cent of all property in the district; the people in that locality are in need of water.

The improvement district was created by the court under Act 126 of the Acts of 1923.

It is first contended by the appellants that improvement districts can exercise only such powers as are conferred upon them by statute or by necessary implication.

This court has repeatedly held that an improvement district can exercise only such powers as it is authorized by statute to exercise; that is, those necessarily or fairly implied, or incident to the powers expressly granted. The statute expressly authorized suburban improvement districts to construct a water pipe line, but the appellant contends that the improvement district had no right to enter into the contract with the water department of Little Rock, and especially objects to paragraph 3 of the contract, which reads as follows:

"The district contracts and agrees to convey to the water department immediately upon completion of said pipe line the full and unencumbered right and title in and to the whole of the said pipe line and for that purpose to cause its commissioners to execute and deliver all proper documents evidencing such conveyance."

It is not contended that the improvement district cannot build the pipe line and then sell it, but the contention is that it cannot enter into a contract to sell it before it is built. Of course, the law contemplates that the improvement district will employ some one to build the pipe line, and we know of no reason why it might not employ the water department, or anyone else it pleases. And if it can employ someone to build the pipe line and then sell it, it can certainly enter into a contract to sell when completed, and convey to the purchaser. We think there is no merit in this contention that it must first complete the line before selling it. Under the contract the improvement district is seeking to do nothing that it is not authorized by statute to do.

In the case of *State, ex. rel. Attorney General* v. *Chicago Mill & Lumber Corporation,* 184 Ark. 1011, 45 S. W. 2d 26, this court said: "It is a well-settled principle of statutory construction that statutes should receive a common sense construction, and, where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied." To the same effect is the case of *Dozier* v. *Ragsdale,* 186 Ark. 654, 55 S. W. 2d 779.

When the commissioners of the improvement district undertake to do nothing except what they are authorized by statute to do, the manner in which their duty is performed is largely a matter within their discretion.

"These boards have only the powers expressly granted, but they must act under many different circumstances, and their actions must be adjusted to meet the exigencies of each particular case, and the sound discretion of the members of the board exercised, where this discretion is not controlled or denied by the legislature; and the discretion to be exercised is that of the officer, who is familiar with the situation and performs the duty imposed upon him, and not that of the court which reviews his action." *Cherry* v. *Bowman*, 106 Ark. 39, 152 S. W. 133.

It is not contended by the appellants that the law is void because discriminatory. The undisputed evidence in this case shows that the petitions contained, in value 98 per cent. of all the property in the district. The plat was introduced in evidence showing the boundaries, and there is no evidence anywhere tending to show an arbitrary or colorable inclusion of land, nor any evidence tending to show an arbitrary or colorable exclusion of land.

In the case of *Little Rock* v. *Boullioun*, 171 Ark. 245, 284 S. W. 745, this court said: "In several respects this general plan or custom was departed from. In two instances one block occupied as a hospital and another as a school—more than one hundred fifty feet next to the street to be improved—were included, so as to include in the district the whole of the lots covered by the building, whereas in another instance and in another place a strip twelve feet wide, within one hundred fifty feet of the street to be improved, was omitted. It is contended that this presents an obvious instance of discrimination between property similarly situated, in that a part of the school and hospital property is included while other property under similar circumstances is excluded, and also that the exclusion of the twelve-foot strip mentioned above is discriminatory and prevents uniformity in the

special taxes to be levied to construct the improvement. Counsel rely upon *Heinemann* v. *Sweatt,* 130 Ark. 70, 196 S. W. 931, and *Sanders* v. *Wilmans,* 160 Ark. 133, 254 S. W. 442, and other decisions where we held that the organization of a district was rendered void by the exclusion of property which would be obviously and necessarily benefited. Those cases, however, and all of our cases under similar circumstances, presented facts where outlying tracts lying between them and the improvement which would necessarily be benefited, were omitted. There is no such question involved in the present case. There is no statute or rule of law requiring that in street improvement districts the property to be assessed shall be within a given distance of the improvement. It seems to be merely a custom to include property within one hundred fifty feet of the improvement, and it cannot be said that the variation of this rule necessarily presents a case of discrimination. In other words, there is no demonstrable mistake involved which renders the annexation proceedings void.''

In the case of *Portis* v. *Ballard,* 175 Ark. 834, 1 S. W. 2d 1, this court said: ''But we have examined the maps and plats showing the territory embraced in the districts and the topography thereof, with reference to the town of Lepanto, and it is impossible to conclude from the face of the record of the proceedings creating the districts and assessing the benefits that the lands on which the assessments are sought to be collected are not benefited by the improvements. Certainly the fact that Little River runs through the town and separated certain portions of the lands embraced in the district and that certain of these lands are shown to be acreage or farming territory is not sufficient to show a demonstrable mistake in the assessment of benefits on the property in controversy. There is nothing on the face of the record of the proceedings creating the districts and making the assessments from which the court will take judicial notice that there was a demonstrable mistake in making the assessments.''

In the case of *Kelley Trust Co.* v. *Paving Imp. Dist. No. 47,* 185 Ark. 397, 47 S. W. 2d 569, this court said: ''It

■■■■■■■■■

is also claimed that some of the property abutted the street, and some of it did not. This fact of itself would not render the assessment void, and the situation of the property appears to have been taken into consideration by the assessors in making the assessment of benefits.''

Commissioners of the improvement district can exercise no powers but those which are conferred upon them by the act by which they are constituted, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties and the accomplishment of the purposes of their association. We find nothing in the record in this case to indicate that the commissioners have done anything or are seeking to do anything that they are not authorized by the law to do. It appears that the contract entered into is very decidedly to the advantage of the property owners in the improvement district.

The finding of the chancellor was correct, and the decree is, therefore, affirmed.