DON HALE ET AL *v.* SOUTHWEST ARKANSAS
WATER DISTRICT

5-4441 427 S. W. 2d 14

Opinion delivered April 15, 1968
[Rehearing denied May 21, 1968.]

*Eugene B. Hale Jr.* and *Fred Pickett,* for appellants.

*Hayes McClerkin,* for appellee.

CONLEY BYRD, Justice. Appellee Southwest Arkansas Water District, a public non-profit regional water distribution district formed under Act 114 of 1957, Ark. Stat. Ann. §§ 21-1401—1415 (Supp. 1967), for the counties of Hempstead, Little River, Miller, Lafayette and Columbia, instituted this action to condemn a right-of-way some six miles long for pipe lines and a canal to transport water from the Millwood Dam Reservoir on Little River to a point east of Highway 71 south of Ashdown. The canal was to commence at the Millwood

Dam Reservoir and end at the plant of Nekoosa-Edwards Paper Company, and since Nekoosa-Edwards Paper Company was the only consumer of the water district at that time, appellants Don E. Hale et al, Robert L. Black et al, and Wayne L. Carver et al contended that the taking was for private rather than public use, which is prohibited by article 2, section 22 of the Constitution of Arkansas.

The act under which the water district was incorporated, Ark. Stat. Ann. § 21-1408 (Supp. 1967), requires it to transport, distribute, sell, furnish and dispose of such water to any person at any place. Section 21-1409 gives to any person aggrieved by the water district's service or rates the right to petition the Circuit Court to issue such orders as may be necessary and proper to protect his rights therein.

After its organization the water district obtained from the United States government a contract for the acquisition of 265,000,000 gallons of water daily from the Millwood Dam Reservoir. The purpose of the contract with the Corps of Engineers was the contemplated distribution of water for municipal, industrial and agricultural purposes to the surrounding area. The evidence shows that the water district as such had no funds with which to construct or make any distribution and that it depended wholly upon revenue bonds for the construction of improvements. Consequently, before any improvements could be undertaken the district needed a contract with sufficient guaranteed revenues to float a bond issue. In this case, in addition to floating a bond issue upon the revenues derived from the Nekoosa-Edwards Paper Company contract, the district applied to the Economic Development Administration, an agency of the federal government, and obtained a grant of $1,-870,000 to aid in the construction of the canal. Furthermore, the over-all planning by Brown & Root, Inc., the project engineers, covered all of the multi-county area included in the water distribution district south and west

of Little River. However, the construction plans covered only the canal here involved. The present design capacity of the canal is adequate to serve all expected needs south and west of Little River, including the cities of Ashdown, Foreman, Texarkana and a hoped-for paper company near McNab.

In *Railway Co.* v. *Petty,* 57 Ark. 359, 21 S. W. 884 (1893), we had before us somewhat the same issue as the one here. There the railroad had instituted eminent domain proceedings for the purpose of constructing an additional side track across Petty's land to that of an adjacent and competing coal miner. In upholding the right of the railroad to exercise eminent domain, we said:

"To be public the user must concern the public. If it is an aid in facilitating the business for which the public agency is authorized to exercise the power to condemn, or if the public may enjoy the use of it not by permission but of right, its character is public. When once the character of the use is found to be public, the court's enquiry ends, and the legislative policy is left supreme, although it appears that private ends will be advanced by the public user. It is common for the interest of some individuals to be advanced, while that of others is prejudiced, by the location of railway stations and switches when there is no motive on the part of the railway officials to discriminate between them. That result is seen in the original location of every line of railway. But the courts do not assume to interfere with the right of the company to locate its line, stations or switches. In this case, the railway located its sidetracks contiguous to the mine of the coal company, rather than to that of the appellee who is a rival miner. The evidence is abundant that side tracks were necessary to facilitate and hasten the business offered to the company at that point. That, of itself, is sufficient to give public character

to the use to which the land was to be devoted. Moreover, at that point upon this very land, as the proof shows, there is established a shipping station for coal. The railway's franchise empowers it to establish none but public stations. It can place no unreasonable restraint on the right of the public to use it. If the railway maintains a coal shipping station at that point, and unreasonably refuses to accord to the appellee, or others who have occasion to ship coal therefrom, facilities for doing so, the courts can afford a remedy for the wrong; and if the railway abuses the privilege of condemning private property for a public use by turning the property acquired by condemnation to a private use, doubtless the easement it acquired by condemnation may be revoked, and the possession restored to the owner of the fee."

Thus the water district here stands in much the same position as the railroad. By law it is obligated to serve any member of the public desiring its services, and while the statute does not specifically set it forth, it would appear that this would be upon the same terms and conditions applied to Nekoosa-Edwards Paper Company—i. e., the cost of such services to any prospective customer would be that only which was necessary to pay for the water plus the amortization of the investment in the canals necessary for distribution of the water. Our position would be otherwise if Nekoosa-Edwards Paper Company were the only customer who had a right to use the water. It is true that at present the canal would serve only Nekoosa-Edwards Paper Company; but we feel that we would be unduly restrictive in our interpretation of the right of eminent domain if we required a utility to have a going business before it laid its first trunk line for the distribution of its product. The testimony here showed without doubt that the canal was to serve as a trunk line not only for Nekoosa-Edwards but for all other customers who might demand service south and west of the river. Under these circum-

stances we hold that a preponderance of the evidence shows that the proposed use of the canal by the water distribution district is for a public purpose. Nor can we find anything to the contrary in *City of Little Rock* v. *Raines,* 241 Ark. 1071, 411 S. W. 2d 486 (1967).

It is also argued that the trial court erred in finding that the landowners had the burden of proving that the taking was for private use. Since in our opinion a preponderance of the evidence when construed in connection with the statute shows that the taking was for a public use, this issue is moot.

Appellants Don Hale et al urge other points for reversal, such as that the trial court erred in finding that the pleadings should be amended to conform to the proof; in not granting appellants' motion for continuance; in not granting resubmission of the case and transferring the cause to equity; and in permitting entry until just compensation was determined and paid.

On these allegations we find no error. Appellant Hale failed to show in what different manner he would have prepared his case had a continuance been granted, and certainly the mere recording of mortgages on the condemned land by the water district would not call for a resubmission of the case and a transfer to equity. The alleged error with respect to the entry until a just compensation was determined and paid is argued here for the first time.

Since the statutory authority for the exercise of eminent domain refers to "rights-of-way," we hold that the trial court erred in taking the fee title of appellants' properties rather than an easement for right-of-way. The term "right-of-way" ordinarily refers to an easement only. *Graham* v. *St. Louis I. M. & S. R. Co.,* 69 Ark. 562, 65 S. W. 1048, 66 S. W. 344 (1901). By limiting the eminent domain to an easement, appellants have the security pointed out in *Railway Co.* v. *Petty, supra,* should

the water district abuse its privilege of condemning private property for public use by turning the property acquired into a private use.

Affirmed as modified.

BROWN, J., not participating.