## CHEROKEE VILLAGE HOMEOWNERS PROTECTIVE ASSOCIATION *v.* CHEROKEE VILLAGE ROAD AND STREET IMPROVEMENT DISTRICT NO. 1

5-5295                                    455 S. W. 2d 93

Opinion delivered June 15, 1970

*Highsmith, Harkey & Walmsley,* for appellant.

*Sullivan & Causkie; Ponder & Lingo; John Mac Smith & Richard Smith* and *Smith, Williams, Friday & Bowen,* for appellee.

FRANK HOLT, Justice. This is an appeal from a circuit court order, dated June 16, 1969, establishing a suburban improvement district under Act No. 41 of 1941, as amended [Ark. Stat. Ann. §§ 20-702, -703, -705— 715. -717—742 (Repl. 1968), §§ 20-701, -704, -716 (Supp. 1969).]

Numerous identical petitions were filed in the circuit court requesting the creation of a suburban improvement district to encompass certain described lands totaling 13,190.58 acres of which slightly more than one-half is located in Sharp County, the remainder being in Fulton County. The petitions were signed by owners of the land representing 62.98% of the total acreage and asked that John Cooper, Jr., Joe Basore and Jim Napper be named as the three commissioners for the district. Cooper and Basore are officers and stockholders of the John A. Cooper Company which is one of the petitioners and holder of record title to more than 50% of the land to be included in the proposed district, both as to area and assessed valuation. The establishment of the improvement district was opposed by the Cherokee Village Homeowners Protective Association, appellant, which consists of 163 remonstrants who own property within the boundaries of this proposed district.

The trial court set a hearing, at which time the remonstrants challenged the constitutionality of the legislation authorizing the creation of the improvement district and contested the proposed appointment of

Cooper and Basore as commissioners in that such an appointment would constitute a conflict of interests between their duties as commissioners of the district and their interest in the John A. Cooper Company, majority property owner of the lands to be included within the district.

The trial court found that there was no conflict of interests presented which would disqualify Cooper or Basore as commissioners and adjudged that the petition is proper and in accordance with the provisions of Act No. 41 and is, therefore, valid and not violative of any rights of the remonstrants or other property owners within the boundaries of the district under either the State or Federal Constitution. The court adjudged that Act No. 41 does not constitute an unconstitutional delegation of legislative powers or deprive remonstrants of any rights or property without due process of law. The court then denied the protests of the remonstrants, ordered the establishment of the Cherokee Village Road and Street, Recreational and Fire Department, Suburban District No. 1, and appointed John A. Cooper, Jr., Joe N. Basore, and Jim Napper as commissioners of the district.

For reversal appellant contends: (1) Act 41 of 1941 is an unconstitutional delegation of legislative authority; (2) the Act deprives appellant of property rights without due process of law; and (3) the trial court erred in appointing John Cooper, Jr. and Joe Basore as commissioners because of their patent conflict of interests.

The gist of appellant's first argument is that the legislature can delegate the responsibility of designating the lands to be included in the district, the authority to select the improvements to be created, and the power to levy taxes and issue negotiable notes, bonds and other evidences of indebtedness only to some other subordinate governmental agency and not to private individuals. Appellants contends that under Act 41 of 1941, any individual landowner, or group of landowners,

as in the case at bar, could select boundaries in such a manner that he or they would own a majority in area and assessed valuation and thus be able at will to establish an improvement district. This argument overlooks the fact that the proposed purposes for such a district must be submitted to and approved by the county or circuit court. See § 20-701. Furthermore, the various improvements for which a district may be organized and the powers which it may exercise are succinctly set out by statute. Section 20-704. See, also, *Page* v. *Highway No. 10, Water Pipe Line Imp. Dist. No. 1*, 201 Ark. 512, 145 S. W. 2d 344 (1940). Once an improvement district is lawfully created, it assumes the status of a de jure governmental agency [see Sloan, Improvement Districts in Arkansas, § 17 (1928)], and the power of the district to then further designate property to be included does not constitute a delegation of legislative authority. *Merritt* v. *No Fence Dist. No. 2, Jefferson County*, 205 Ark. 1129, 172 S. W. 2d 684 (1943). As to the power of an improvement district to levy assessments, we have had occasion, in *Board of Improvement* v. *Pollard*, 98 Ark. 543, 136 S. W. 957 (1911), to note:

"It has been repeatedly held that special assessments for local improvements can be made and collected only on account of special and peculiar benefits which such improvements bestow upon the property which is assessed. * * * The principle upon which these assessments for local improvements are made is that by reason of the benefits received no pecuniary loss can be suffered by the owner of the property in paying therefor.

*     *     *

The power to form improvement districts and to levy assessments for the payment of improvements made therein belongs primarily to the Legislature; but the Legislature has the authority to exercise this power directly or through local agencies which it may establish. * * *"

See, also, *Arkansas-Louisiana Imp. Dist.* v. *Pickens,* 169 Ark. 603, 276 S. W. 355 (1925). We find no merit in appellant's contention that Act 41 of 1941, as amended, is an unconstitutional delegation of legislative authority.

In regard to the second point for reversal, *i. e.,* that the Act deprives appellant of property rights without due process of law, we likewise find no merit. We have previously upheld the validity of the taking of property by an improvement district for a public purpose. *Cannon* v. *Felsenthal,* 180 Ark. 1075, 24 S. W. 2d 856 (1930). See, also, *Hale* v. *Southwest Ark. Water Dist.,* 244 Ark. 647, 427 S. W. 2d 14 (1968), where the acquisition of property was approved as being for public purposes, even though it was contended that it served primarily private ends or purposes. Appellant, however, insists that Act 41 of 1941, as amended, does not limit the right of eminent domain to public purposes, since provision is made for acquisition of recreational facilities. The acquisition and improvement of public parks are proper purposes for which improvement districts may be organized and assessments levied. *Matthews* v. *Kimball,* 70 Ark. 451, 66 S. W. 651 (1902). The ownership and operation of a swimming pool by a governmental agency, a city, is proper. *Cabbiness* v. *City of North Little Rock,* 228 Ark. 356, 307 S. W. 2d 529 (1957). See, also, *Todd* v. *McCloy,* 196 Ark. 832, 120 S. W. 2d 160 (1938). And municipal recreational facilities can be supported by an appropriation from public funds. Ark. Stat. Ann § 19-3629 (Repl. 1968). However, the answer to appellant's contention is that the district must act for the benefit of all the affected property owners; and if any property owner feels aggrieved, he has the right to have the decision of the improvement district judicially reviewed. Ark. Stat. Ann. §§ 20-708, -720, -721, -728, -734, -740 (Repl. 1968), and Act 16 of 1970 (First Extraordinary Session).

Constitutional attacks have previously been unsuccessfully leveled against the validity of Act 41 of

1941. See *Murphy* v. *Cook*, 202 Ark. 1069, 155 S. W. 2d 330 (1941).

Appellant next contends that the trial court erred in authorizing Cooper and Basore to serve as commissioners. It is asserted that they have a patent conflict of interests since they are officers and stockholders of the John A. Cooper Company which has as its objective the development and sale of lands with various improvements. The appellant observes that Act 41 (§ 20-703) requires that commissioners of a district "will not be interested directly or indirectly in any contract let by the board * * *." We do not reach this contention since the record before us does not demonstrate that the appointed commissioners have acted in violation of the statutory provisions.

Affirmed.

BYRD, J., not participating.