The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on several questions involving fire protection service. Your questions have been restated and answered in the order presented.
1. Can an improvement district organized under Act 41 of 1941 solicit or accept moneys or dues outside of its boundaries on an individual or single membership basis for fire protection of an individual's property?
It must be initially recognized that an improvement district can exercise only such powers as are established by statute. This principle has been expressed by the Arkansas Supreme Court as follows:
 This court has repeatedly held that an improvement district can exercise only such powers as it is authorized by statute to exercise; that is, those necessarily or fairly implied, or incident to the powers expressly granted.
Page v. Highway 10, Water Pipe Line Improvement District No. 1,201 Ark. 512, 515, 145 S.W.2d 344 (1940). The court in Page v. Highway 10, supra, at 518, also made the following statement:
 Commissioners of the improvement district can exercise no powers but those which are conferred upon them by the Act by which they are constituted, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties and the accomplishment of the purposes of their association.
A review of Act 41 of 1941, which is codified at Arkansas Code of 1987 Annotated 14-92-201, et seq., indicates that improvement districts organized thereunder have not been granted express authority to solicit moneys or dues outside their boundaries. It should be noted that this may be contrasted with specific grants of authority in this regard to certain other districts. See, e.g., A.C.A. 14-91-901, 14-93-132.
However, the general powers of the board of commissioners do include the power to "[m]ake and execute all contracts, leases, conveyances, and other instruments of the district," and to "[e]stablish rules and regulations for the transaction of the district's business and for the services, use, and right to use of its facilities or services, or both, or to effectuate any purpose of this subchapter." A.C.A. 14-92-210(1) and (3). The matter of accepting moneys or dues from individuals outside the district could arguably be addressed by the commissioners pursuant to this power to issue rules and regulations governing the use of the district's facilities.
It must also be recognized, however, that the improvement district ". . . must act for the benefit of all the affected property owners." Cherokee Village Homeowners Protective Ass'n. v. Cherokee Village Road Street Imp. Dist. No. 1, 248 Ark. 1055,1059, 455 S.W.2d 93 (1970). While there appears to be no case law authority directly on point, it is my opinion that a court will be unwilling to imply the district's authority to solicit fees outside its boundaries in the absence of a showing that this action is taken on behalf of and for the benefit of district landowners. This conclusion is indicated by the Supreme Court's statement, quoted above, regarding powers that are ". . . necessary to the exercise of [the commissioners'] corporate powers, the performance of their corporate duties and the accomplishment of the purpose of their association." Page v. Highway 10,201 Ark. at 518.
2. If an improvement district can accept money from an individual outside the boundaries of the improvement district, can the funds be used outside the boundaries of the district for improvements such as capital improvements? Or, once the funds become the property of the improvement district is the improvement district limited to expenditures within its boundaries?
It is my opinion that the district's authority to "establish, equip, and maintain rural fire departments" does not extend beyond district boundaries. A.C.A. 14-92-219(8). Section 14-92-219(8) states:
 A suburban improvement district may be organized for any one (1) or more of the following purposes:
(8) To establish, equip, and maintain rural fire departments, including construction of fire department buildings, purchase of fire trucks, fire boats, and other fire fighting equipment. This provision may be contrasted with other subsections of 14-92-219
which specifically include the authority to pursue improvements "within or without the boundaries of the district." See, A.C.A.14-92-219(1) through (3). Section 14-92-239 must also be considered wherein reference is made to the district's continued existence following construction or completion of the improvement. This provision states that the district will not cease to exist, but will continue ". . . for the purpose of preserving, maintaining, and operating the improvement. . . ." It is my opinion that this reference to the "improvement' does not encompass capital improvements outside the boundaries of the district.
3. If moneys can be solicited or accepted from individuals outside the boundaries of the district, do such funds become part of the improvement district's assets to be used by the commissioners for other purposes than fire protection? Can such funds be set aside by the commissioners for fire protection only?
The answer to this question is that the commissioners' powers only extend to the purposes set forth in A.C.A. 14-92-201, et seq. If the district is formed "to establish, equip, and maintain" an rural fire department pursuant to 14-92-219(8), it must be concluded that the commissioners have no power to use funds within their possession and control for any purposes other than fire protection. The commissioners can only take such action as is necessary or useful to carry out the authorized purposes. A.C.A.14-92-210, 14-92-220.
4. If the quorum court establishes the service area of a fire department pursuant to Arkansas Code 14-284-207, Section 2 of Act 160 of 1985, will this prohibit another fire department or district from soliciting fees and providing services for this area?
It must be initially noted in response to this question that while the quorum court must establish the service areas of fire protection districts and nonprofit corporations "to not exceed a radius of five (5) miles from the fire station," pursuant to A.C.A. 14-284-207, this provision does not on its face purport to govern an individual's voluntary payment to an improvement district for fire protection services. It is therefore my opinion that the answer to this question is no, with respect to an improvement district's solicitation of fees on a voluntary basis. However, it seems clear that 14-284-207 will effectively preclude the fire protection district or department from servicing areas outside its designated five (5) mile radius.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.