The Honorable Larry Goodwin State Representative Post Office Box 129 Cave City, AR 72521
Dear Representative Goodwin:
This is in response to your request for an opinion regarding a suburban improvement district's use of fire fighting equipment outside district boundaries. You have asked the following specific questions in this regard:
 1. Does the Arkansas Law setting up the Ozark Acres Suburban Improvement District prohibit them from utilizing the fire equipment outside Ozark Acres boundaries?
 2. Would it be legal to utilize the fire equipment outside the boundaries if fees or dues were assessed in the five mile radius of the fire station?
It is my opinion, in response to your first question, that a suburban improvement district's authority to "establish, equip, and maintain rural fire departments" does not, as a general matter, extend beyond district boundaries. A.C.A. 14-92-219(8); see also A.G. Op. No. 88-193 (copy enclosed). As noted in Opinion Number 88-193, an improvement district may exercise only such powers as are established by statute. Page v. Highway 10, Water Pipe Line Improvement District No. 1, 201 Ark. 512, 515,135 S.W.2d 344 (1940).
A suburban improvement district's actions in providing fire protection services outside its boundaries would, in my opinion, have to premised upon an assertion that the action is taken on behalf of and for the benefit of district landowners. A.G. Op. No. 88-193; see, generally Cherokee Village Homeowners Protective Ass'n v. Cherokee Village Road Street Imp. Dist. No. 1, 248 Ark. 1055,455 S.W.2d 93 (1970). This is a factual question, the resolution of which will depend upon the particular facts and circumstances in each instance.
With regard to your second question involving the assessment of fees or dues outside the boundaries, it is my opinion that such action would, again, have to be premised upon resultant benefits to district landowners. We noted in Opinion Number 88-193, in response to essentially the same question, that suburban improvement districts have not been granted express authority to solicit monies or dues outside their boundaries. The matter of accepting such dues could, however, arguably be addressed by the commissioners pursuant to the board's power to establish rules and regulations governing the use of the district's facilities. The ultimate question, however, is whether the district has acted ". . . for the benefit of all the affected property owners." Cherokee Village Homeowners Protective Ass'n, supra. This, again, is a factual determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
NOTE: Opinion No. 88-193 is in the system in the AG/88 file.