The Honorable Lonnie P. Clark State Representative P.O. Box 406 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion on whether the Carroll-Boone Water District ("District") can fluoridate water distributed to member cities without the consent of the cities who have contracted to purchase the water from the District.
It must be initially recognized that the District can exercise only such powers as are established by statute. See, generally, Page v. Highway 10, Water Pine Line Improvement District No. 1,201 Ark. 512, 515, 145 S.W.2d 344 (1940). A review of pertinent Arkansas Code sections fails to yield specific authority for the proposition that a public regional water distribution district can fluoridate water, notwithstanding the lack of consent of all member communities. Nor, in my opinion, can this power necessarily be implied.
An argument in favor of the District's authority in this regard could perhaps be developed under A.C.A. 14-116-102 (part of the Regional Water Distribution Act), which includes "[p]urification, treatment, and processing of the water" within the purposes for which a district may be organized. A.C.A. 14-116-102(3). Water "treatment" reasonably includes fluoridation. See, e.g., A.C.A. 17-44-202(a)(1) (a Grade A license is required for operating a water plant where treatment consist of ". . . fluoridation." If a specific need was perceived in this regard, the necessity for forming the district, as reflected in the petition (A.C.A.14-116-202, could support a decision to fluoridate all water acquired by the District.
In my opinion, however, the general inclusion of "purification, treatment, and processing of the water" within the purposes for which a district may be organized does not encompass the specific authority to fluoridate, but rather may be cited in support of a district's authority to provide fluoridation to those desiring it. We cannot conclude, in the absence of clearer legislative authority, that the District can unilaterally decide to implement this specific treatment method. While health programs initiated by county or district health departments, (see, e.g., A.C.A.14-262-109(a)(6)), could perhaps address the matter, it appears that the legislature has not vested regional water distribution districts with such power.
It is therefor my opinion that fluoridation is, generally, a matter of contract, to be agreed upon by the parties to the purchase agreement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.