The Honorable Russ Hunt State Representative P.O. Box 200 Searcy, AR 72145-0200
Dear Representative Hunt:
You have requested an Attorney General opinion on presented the following question:
 In a water improvement district, does a landowner's property have to be annexed into the district before he can receive water from the district?
RESPONSE
The answer to this question will depend upon the statutes under which the improvement district in question was organized.
Improvement districts may exercise only such powers as are established by statute. Page v. Highway 10, Water Pipe Line Improvement District No. 1,201 Ark. 512, 515, 135 S.W.2d 344 (1940). It will therefore be necessary to examine the statutes under which the water improvement district in question was organized to determine precisely what the district is authorized to do.
Water improvement districts can be organized under various different statutory schemes. See, e.g., A.C.A. §§ 14-88-201 et seq.; 14-91-701;14-92-201 et seq.; 14-93-101 et seq.; 14-94-101 et seq. Districts formed pursuant to these various statutory schemes are usually bodies corporate that have the power to contract. Id. Nevertheless, I cannot conclude as a general matter that the authority of improvement districts to enter into contracts would necessarily include the authority to provide water to a property owner who is not included in the district. It would be necessary to research the specifically applicable statutory provisions in order to determine whether the district does have such authority.
I would advise consultation with the district's private counsel in reviewing the applicable statutes and in making this determination.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General