The Honorable Phillip Jackson State Representative 4033 Highway 62 West Berryville, AR 72616-8949
Dear Representative Jackson:
I am writing in response to your request for an opinion regarding the establishment of a solid waste collection and disposal system or service within the Holiday Island Suburban Improvement District. You have asked, specifically, "[a]re there any legal restrictions which would prevent the Commissioners from voting to implement this system?"
You have cited A.C.A. § 14-92-219 as potential authority for such a system. You state in this regard that "[t]he establishment of a solid waste (trash) collection system would appear to be within the spirit of the potential purpose of the suburban improvement district type of government entity." You state further that "[s]uch a system or service would not be established unless voted on by the majority of the elected District Commissioners."
RESPONSE
It is my opinion that the establishment of a solid waste collection and disposal system or service is outside the purpose(s) for which a suburban improvement district may be formed. Accordingly, it is my opinion that the answer to your specific question is "yes." There are legal restrictions that would prevent the Commissioners of the Holiday Island Suburban Improvement District from voting to implement a solid waste collection and disposal system or service.
It is well established that an improvement district's powers are limited to those that are statutorily authorized. This principle has been expressed by the Arkansas Supreme Court as follows:
 This court has repeatedly held that an improvement district can exercise only such powers as it is authorized by statute to exercise; that is, those necessarily or fairly implied, or incident to the powers expressly granted.
Page v. Highway 10, Water Pipe Line Improvement District No. 1,201 Ark. 512, 515, 145 S.W.2d 344 (1940).
The court in Page also stated:
 Commissioners of the improvement district can exercise no powers but those which are conferred upon them by the Act by which they are constituted, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties and the accomplishment of the purposes of their association.
Id. at 518.
The law governing suburban improvement districts is codified at A.C.A. § 14-19-201 et seq. (Repl. 1998 and Supp. 2003). It is evident from a review of this body of law that suburban improvement districts are authorized for the purpose of constructing any one or more of the improvements and facilities that are specifically designated by statute.See A.C.A. § 14-92-219 (Repl. 1998). Accord Cherokee Village HomeownersProtective Ass'n v. Cherokee Village Rd. St. Imp. Dist. No. 1,248 Ark. 1055, 455 S.W.2d 93 (1970); McCoy v. Holman, 173 Ark. 592,292 S.W. 999 (1927). Section 14-92-219 lists the improvements and facilities as: waterworks systems, sewage systems and facilities, streetsand highways, recreational facilities, sidewalks, gas pipelines, telephonelines, rural fire departments, hospitals and ambulance services, andlibraries. A.C.A. § 14-92-219 (1) through (11) (Repl. 1998). See also A.C.A. § 14-92-205
and -220 (regarding the petition to form a district and powers incidental to acquiring and maintaining the authorized improvements).
The specific purpose(s) for which a district is organized, consistent with the foregoing statutes, must be approved by the county or circuit court when the district is established. See A.C.A. § 14-92-206 (Repl. 1998). The district's commissioners then have discretion to do "any and all . . . acts which shall be deemed necessary in order to purchase, construct, accept as a gift, operate and maintain any and all [of the authorized] improvements and facilities." A.C.A. § 14-92-220(a). The commissioners may not, however, undertake any improvements beyond those authorized in the order establishing the district. Cf. Adams v. Hwy 10Water Pipeline Improvement Dist. # 4, 217 Ark. 473, 479, 230 S.W.2d 956
(1950) (holding that commissioners may only make "minor, or immaterial changes" to a district's plans, the authority under A.C.A. § 14-92-217
(Repl. 1998) being limited to such changes.)[1]
With regard to your particular question, it is apparent that solid waste collection and disposal services such as you have proposed are not included in the purposes for which a suburban improvement district may be organized, which in the words of the court are "succinctly set out by statute." Cherokee Village, supra, 248 Ark. at 1058, citing Page, supra.
Arkansas Code Annotated § 14-92-219 does use the term "solid waste" in addressing sewage systems. But this clearly is with reference to waste that is collected and disposed of through sewers, which ordinarily is distinguished from waste in the form of trash that is collected and disposed of through a solid waste management system. See, e.g., A.C.A. §8-6-203(6) (Repl. 2000) (definition of "solid waste" under the Arkansas Solid Waste Management Act, which includes "garbage or refuse . . . and other discarded material" but excludes "solid or dissolved materials in domestic sewage. . . .") Section 14-92-219 (2) states that a district may be organized:
 To purchase, accept as a gift, or construct, either within or without the boundaries of the district, if the property of the district will be benefited thereby, a sewage collection system or a sewage treatment plant, or intercepting sewers, outfall sewers, force mains, pumping stations, ejector stations, and all other appurtenances necessary or useful and convenient for the collection or treatment, purification, and disposal, in a sanitary manner, of the liquid and solid waste,
sewage, night soil, and industrial waste of the area within the boundaries of the district, or adjacent thereto, and to operate and maintain any such sewage system and facilities[.]" [Emphasis added.]
It must therefore be concluded that the authorization of a "sewage collection system or a sewage treatment plant" does not include a solid waste (trash) collection system. Accordingly, it is my opinion that a suburban improvement district cannot be organized for the purpose of establishing a trash collection and disposal system or service, and that the commissioners of such a district do not have the power to vote to establish such a system or service.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Section 14-92-217 (a) states that "[t]he board of commissioners of a suburban improvement district may, at any time, alter the plans and specifications." Subsection (b) requires that "[t]he changed plans, with the accompanying specifications, shall be filed with the county court." Similarly, property owners "sufficient to cause a district to be formed" may petition the commissioners of an existing district to apply to the county court "to extend any of [the district's] empowered improvements
into an area in the district for which existing authority does not appear. A.C.A. § 14-92-218 (a) (Repl. 1998) (emphasis added).