The Honorable Bobby J. Pierce State Representative 587 Grant 758 Sheridan, Arkansas 72150-6766
Dear Representative Pierce:
I am writing in response to your request for an opinion on the following questions concerning the Cane Creek Fire Department (hereinafter "Department"), which reportedly was created under A.C.A. §§ 14-284-201
— 225 (Repl. 1998 and Supp. 2007):
 1. Can Cane Creek Fire Department charge fees for services such as pre-fire plans, Plans review, fire prevention inspections and other related services on new and existing residential and commercial structures? (14-284-211, Board of commissioners — Power and authority)
 2. If so, would Cane Creek Fire Department need authority from the county in the way of an ordinance before it could enact Fire Protection and Prevention Service fees?
 3. Can the fees be written into the ordinance or would it require a separate service agreement?
 4. Is a vote of the public required before a fire protection district could enact Fire Protection and Prevention Service fees? *Page 2 
These proposed fees are described as follows in correspondence attached to your request:
 Pre-fire plans are advanced planning of fire fighting operations at a particular location, taking into account all factors that will influence fire fighting tactics designed by trained and experienced fire department personnel. They are recommended by NIOSH and NFPA.
 Plans Review is the process of reviewing building plans and specifications to determine the safety characteristics of the proposed building. This is generally done before permission is granted to begin construction.
 Fire Prevention Inspections are a formal examination of an occupancy and its associated uses or processes to determine its compliance with fire and life safety codes and standards.
RESPONSE
It is somewhat unclear, as an initial matter, whether these questions contemplate the enforced imposition of such service fees, as distinguished from the extension of such fees on a voluntary basis. Given that the second and fourth questions ask, respectively, whether a county ordinance or a public vote would be necessary in order for the Department to "enact" the fees, I suspect the Department wishes toimpose them. Irrespective of the voluntary nature of the proposed fees, however, it is my opinion that new legislative authorization will be necessary in order for a fire protection district created under A.C.A. § 14-284-201 — 225 to collect service fees separate and apart from benefits assessments or flat fee assessments. The answer to your first question is therefore "no," in my opinion, rendering moot your second and third questions. With regard to your fourth question, in my opinion service fees may not be enacted through a public vote.
Question 1 — Can Cane Creek Fire Department charge fees for servicessuch as pre-fire plans, Plans review, fire prevention inspections andother related services on new and existing residential and commercialstructures? (14-284-211, Board of commissioners — Power andauthority) *Page 3 
In my opinion, the answer to this question is "no" because the Arkansas Code subsection that authorizes the formation of a fire protection district provides for the making of benefits assessments (or flat fees) to finance the operation of the district, but makes no provision for service fees. See A.C.A. § 14-284-211(4) (Repl. 1998) (authorizing the board of commissioners to "[m]ake assessments of benefits against real property in the district benefited by fire protection services of the district and provide for the collection of the assessments.")[1] See also A.C.A. §§ 14-284-212(c) (Repl. 1998) (requiring the district's assessors to record "each tract of land" and "the amount of annual benefits that will accrue each year to that land by reason of the services") and — 214(b)(1) (Repl. 1998) (requiring revision of annual benefits "as fire protection services benefiting the property change.")
A fee is of course not chargeable by the Department against a landowner whose property is already assessed for benefits by virtue of being located within the fire protection district. Nor is there separate authority for the charging of service fees such as those set forth in your request for my opinion. In this regard, the Arkansas Supreme Court has commented that improvement districts are "agents of the state and derive their limited powers and duties of a public nature by legislative delegation through the taxing power of the state. . . ." Quapaw CentralBusiness Improvement District v. Bond-Kinman, Inc., 315 Ark. 703, 706,870 S.W.2d 390 (1994). This statement followed the court's citation to a historical treatise on improvement districts as follows:
 In determining the status of improvement districts, particularly in Arkansas, a historical review is helpful and is discussed by Horace Sloan in A Treatise on the Law of Improvement Districts in Arkansas (1928). The power of taxation, whether by general taxation or by local assessment, is legislative and cannot be exercised in absence of *Page 4 
statutory authority. Additionally, no improvement district may be created or local assessment imposed unless statutorily authorized.
Id.
It is therefore well-established that an improvement district's powers are limited to those that are statutorily authorized. This principle has also been expressed by the court as follows:
 This court has repeatedly held that an improvement district can exercise only such powers as it is authorized by statute to exercise; that is, those necessarily or fairly implied, or incident to the powers expressly granted.
Page v. Highway 10, Water Pipe Line Improvement District No. 1,201 Ark. 512, 515, 145 S.W.2d 344 (1940).
It necessarily follows, in my opinion, that the power to enact service fees in the nature of those proposed must be statutorily authorized, either expressly or by implication. A review of A.C.A. §§ 14-284-201
— 225 fails to yield such authority. Improvement districts formed pursuant to this subchapter are supported through annual assessments.See id. at-212 — 216. Although the boards of commissioners of such districts are given broad authority to accomplish the districts' purposes, see id. at-211, in my opinion the power to enact service fees apart from benefits assessments or flat fee assessments cannot reasonably be implied from the powers granted.
Because it is fundamental that a county may not pass an ordinance contrary to state law, see Cox v. Commissioners of Maynard FireImprovement Dist. No. 1, 287 Ark. 173, 697 S.W.2d 104 (1985), the contemplated service fees in my opinion cannot be authorized by county ordinance. It is therefore unnecessary to respond to your second and third questions.
Question 4 — Is a vote of the public required before a fireprotection district could enact Fire Protection and Prevention Servicefees?
In my opinion, for the reasons stated above, service fees may not be enacted through a public vote. There must be a clear statutory foundation for a vote to *Page 5 
enact any such fees, and my review of A.C.A. §§ 14-284-201 — 225 yields no basis for such a vote. New legislative authorization will in my opinion be necessary in order for a fire protection district created under A.C.A. § 14-284-201 — 225 to collect service fees separate and apart from benefits assessments or flat fee assessments, whether through a vote of the public or independent of a vote.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] Legislation adopted in 1989 authorized districts formed after July 3, 1989, to levy a flat fee as an alternative to assessing benefits. Acts 1989, No. 648. In 1995, the provisions authorizing the levy of a "flat fee" were amended and districts formed after July 3, 1995, were authorized to levy a flat fee "per parcel" or "per landowner." Acts 1995, No. 766, codified at A.C.A. § 14-284-212(g)(1)(A) (Repl. 1998). Thus, fire protection districts formed under Subchapter 2 of Chapter 284 of Title 14 after July 3, 1989, but before July 3, 1995, have the option of assessing benefits or levying a flat fee per parcel of land located within the district. Districts formed after July 3, 1995, have the option of levying a flat fee either "per parcel" or "per landowner," as an alternative to the assessments of benefits. *Page 1