The Honorable Tracy Steele State Senator Post Office Box 9267 North Little Rock, Arkansas 72119-9267
Dear Senator Steele:
I am writing in response to your request for an opinion on the following question:
 Can a suburban improvement district, which is considering dissolution under Arkansas Code Annotated § 14-92-237, pay over its excess funds to an existing fire improvement district after all the suburban improvement district's obligations have been retired?
RESPONSE
In my opinion, the answer to this question is "no." A suburban improvement district may under certain circumstances convert to a fireprotection district. But there is no authority, in my opinion, for paying over excess suburban improvement district funds to an existing fire improvement district.
The conditions for dissolving a suburban improvement district are set forth in A.C.A. § 14-92-237 (Repl. 1998). A copy of this statute is enclosed for your convenience. As you can see, a district may be dissolved by a "unanimous vote of the board of commissioners" under two scenarios.[1] A district that has discharged all its debts has the option of dissolving by a vote of its board if title to its capital *Page 2 
assets has been "taken over or assumed by any political subdivision, municipal utility commission or agency, or any regulated public utility." Id. at (a)(1). Surplus funds in that instance must berefunded pro rata to "realty owners." Id. at (c)(1). See also Op. Att'y Gen. 2004-083 (opining that the term "realty owners" as used in this subsection refers to persons who hold title to property located within the district.)
A district may also be dissolved by a vote of the board if the district is converted into a new fire protection district. A.C.A. § 14-92-237(a)(1) and (d). Excess funds in that case are "transfer[red] . . . to the new district on the effective date of the conversion."Id. at (d)(3).
Only local counsel can determine the availability of these options after a thorough review of the facts surrounding a particular suburban improvement district. In response to your specific question, however, I find no authority for the proposition that excess suburban improvement district funds may be paid over to an existing fire improvement district. It is well-established that an improvement district's powers are limited to those that are statutorily authorized. Page v. Highway10, Water Pipe Line Improvement District No. 1, 201 Ark. 512,145 S.W.2d 344 (1940).See also Quapaw Central Business Improvement District v.Bond-Kinman, Inc., 315 Ark. 703, 706, 870 S.W.2d 390 (noting that improvement districts are "agents of the state and derive their limited powers and duties of a public nature by legislative delegation through the taxing power of the state. . . .") Although the board of commissioners of a suburban improvement district is given broad authority to accomplish the district's purposes, see A.C.A. § 14-92-210
(Repl. 1998), there simply is no authority, in my opinion, for the action contemplated by your question.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] A district may be dissolved by a majority vote of the record property owners if it was formed after the enactment of Act 510 of 1981.See A.C.A. § 14-92-237(b) (Repl. 1998) and Op. Att'y Gen. 2004-083 at n. 1 (explaining that subsection 14-92-237(b) was enacted byAct 510 of 1981 and applies only to districts created after Act 510's enactment. *Page 1