The Honorable Robert (Tony) T. Rogers, II Prosecuting Attorney Nineteenth-East Judicial District Post Office Box 536 Berryville, Arkansas 72616
Dear Mr. Rogers:
This is my opinion on whether a suburban improvement district may "enact a 4% charge, fee or tax on the utility bills (Electric, telephone and cable) of the homeowners of said district" and, if so, whether utilities must collect and remit the charge.
In my opinion, a suburban improvement district may not impose a charge on third-party utility service to district residents. Your second question is thus moot.
Improvement districts have only the power granted by statute.See, e.g., Page v. Highway 10 Water Pipe Line Improvement Dist. No. 1,201 Ark. 512, 145 S.W.2d 344 (1940). The grant includes powers "necessarily or fairly implied, or incident to the powers expressly granted." Id. at 515; seealso Op. Att'y Gen. 2008-060.
In particular, "[t]he power of taxation . . . cannot be exercised in the absence of statutory authority. Quapaw Cent. BusinessImprovement District v. Bond-Kinman, Inc.,315 Ark. 703, 870 S.W.2d 390 (1994)." Robert D. Holloway,Inc. v. Pine Ridge Addition Residential Property Owners,332 Ark. 450, 455, 966 S.W.2d 241 (1998).
The relevant statutes permit suburban improvement districts to finance improvements by levying property taxes based on an assessment of benefits accruing from the improvements. A.C.A. §§ 14-92-225 (benefits assessment),-228 (tax levy). A district may "make such additional levies based upon the assessment *Page 2 
of benefits" as it may need to continue its existence after completing the improvement it was formed to buy or build (A.C.A. § 14-92-239); impose charges for the district's own operation of improvements (see A.C.A. 14-92-234(a)(1) (district may pledge to bond repayment "profits . . . derived from its operation" of an improvement)); and collect interest on assessments (see A.C.A. § 14-92-229). The statutes do not, in my view, express or imply any power to impose what amounts to a sales tax on utility services. Nor is any such power reasonably incidental to any express district power.
In a previous opinion I considered whether a district may dissolve and give any remaining money to an existing fire improvement district. I acknowledged that a statute permits suburban improvement districts to convert themselves into fire protection districts in some instances, and that a district board has "broad authority to accomplish the district's purposes, see
A.C.A. § 14-92-210 (Repl. 1998). . . ." Op. Att'y Gen. 2009-055. I nevertheless concluded that "there simply is no authority, in my opinion, for the action contemplated by your question." Id.
Similarly in another opinion, I concluded that a fire protection (improvement) district lacked power to impose fees for services such as fire prevention inspections. Op. Att'y Gen. 2008-060.
In my opinion, a suburban improvement district does not have express, incidental, or implied statutory authority to impose, and therefore may not impose, charges on third-party utility services to district residents.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh *Page 1